# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WIERBOWSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>    Defendants. | Case No. 4:24-cv-01071-MWB |
| ROBERT SCHULTE JR., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NUANCE COMMUNICATIONS, INC. and GEISINGER HEALTH d/b/a GEISINGER HEALTH FOUNDATION,<br><br>    Defendants. | Case No. 3:24-cv-01082-MWB |

| | |
|---|---|
| AMANDA BIDGOOD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 3:24-cv-01088-MWB |
| BARBARA GRAY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 4:24-cv-01091-MWB |
| JOHN SAXER and CAROLYNN SAXER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 4:24-cv-01095-MWB |

| | |
|---|---|
| AMBER LOPEZ, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 1:24-cv-01106-MWB |
| MICHELLE DAVIS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>NUANCE COMMUNICATIONS, INC. and GEISINGER HEALTH,<br><br>      Defendants. | Case No. 3:24-cv-01156-MWB |
| RUTH ALBRIGHT, individually and on behalf of those similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 4:24-cv-01174-MWB |

| | |
|---|---|
| JASMINE ALICEA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GEISINGER HEALTH and NUANCE COMMUNICATIONS, INC.,<br><br>      Defendants. | Case No. 4:24-cv-01243-MWB |

# ORDER

July 31, 2024

The Court has reviewed the Motion to Consolidate and Set a Leadership Briefing Schedule (the "Motion") submitted by Plaintiff James Wierbowski, and has determined that consolidation of the related actions and setting a schedule for interim lead counsel applications in this proposed class action will promote judicial efficiency and order case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.	Pursuant to Federal Rule of Civil Procedure 42(a), the Court hereby consolidates *Wierbowski v. Geisinger Health, et ano*, No. 4:24-CV-01071-MWB; *Schulte v. Nuance Communications, Inc., et ano*, No. 3:24-CV-01082-MWB; *Bidgood v. Geisinger Health, et ano*, No. 3:24-CV-01088-MWB; *Gray v. Geisinger Health, et ano*, No. 4:24-CV-01091-MWB; *Saxer, et ano v. Geisinger Health, et ano*, No. 4:24-CV-01095-MWB; *Lopez v. Geisinger Health, et ano*, No. 1:24-CV-01106-MWB; *Davis v. Nuance Communications, Inc., et ano*, No. 3:24-CV-01156-MWB; *Albright v. Geisinger Health, et ano*, No. 4:24-CV-01174-MWB; and *Alicea v. Geisinger Health, et ano*, No. 4:24-CV-01243-MWB  (each a "Related Action" and together the "Consolidated Action") under the docket number of this first filed case: 4:24-CV-01071-MWB ("Master Docket"), and under the new title "*In re Geisinger Health Data Security Incident Litigation*".

2. No further filings shall be made in case nos. 3:24-CV-01082-MWB; 3:24-CV-01088-MWB; 4:24-CV-01091-MWB; 4:24-CV-1094-MWB; 1:24-CV-01106-MWB; 3:24-CV-01156-MWB; 4:24-CV-01174-MWB; or 4:24-CV-01243-MWB, which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint.

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. Any Plaintiffs in the Related Actions shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the Clerk shall:

    a. Place a copy of this Order in the separate docket for such an action;

    b. Serve on Plaintiff's counsel in the new case a copy of this Order;

    c. Direct this Order to be served upon Defendants in the new case; and

    d. Make the appropriate entry on the Master Docket.

5. Plaintiffs in any of the Related Actions who choose to do so shall file a motion for the appointment of interim lead counsel under FRCP 23(g), not to exceed 15 pages, within twenty-one (21) days of the entry of this Order. Any Plaintiff may

file a response to any leadership motion within seven (7) days of the filing of such motion. The response shall not exceed four (4) pages.

6. A single Consolidated Complaint shall be filed within forty-five (45) days of the appointment of interim lead counsel. Defendants need not respond to the initial complaints filed in any of the Related Actions. The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable after the filing of the Consolidated Complaint.

BY THE COURT:

*s/ Matthew W. Brann*

Matthew W. Brann
Chief United States District Judge