# *Exhibit "1"*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*In re Geisinger Health Data Security Incident Litigation*

Case No. 4:24-CV-01071-MWB

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and between Defendants Geisinger Health ("Geisinger"), and Nuance Communications, Inc. ("Nuance" and, collectively with Geisinger, "Defendants"), on the one hand, and Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski (collectively, "Plaintiffs" or "Class Representatives"), both individually and on behalf of similarly situated persons, on the other hand, in the case of *In re Geisinger Health Data Security Incident Litigation*, No. 4:24-CV-01071, currently pending in the United States District Court for the Middle District of Pennsylvania (the "Litigation"). Each Defendant and each Plaintiff are referred to as a "Party" and are collectively referred to herein as the "Parties." This Settlement Agreement is subject to Court approval and is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and Released Claims (defined below), upon and subject to the terms and conditions herein.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

## I.    RECITALS

1.    Geisinger is a healthcare provider based in Pennsylvania. Nuance is a computer software technology corporation based in Massachusetts. Nuance licenses certain software to Geisinger and provides certain related professional services to Geisinger. In connection with Nuance's provision of related professional services, Geisinger provided Nuance with necessary access to certain personally identifiable information ("PII") and personal health information ("PHI") of its patients.

2.    This litigation arises out of a data security incident, defined below as the "Data Incident." Plaintiffs allege that, on or about November 29, 2023, a former Nuance employee named Andre J. Burk (a/k/a Max Vance) accessed certain patient information from Geisinger, resulting in the download of information belonging to Plaintiffs and members of the Settlement Class.

3.    In response, Plaintiffs filed lawsuits in the Middle District of Pennsylvania against Defendants relating to the Data Incident, which were consolidated before Chief Judge Matthew W. Brann, on July 31, 2024.[1] The Court appointed Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP, as Interim Co-Lead Class Counsel. The Court also

---

[1] Another putative class action was filed in the Montour County Court of Common Pleas on July 9, 2024. *Thomas v. Geisinger Health Plan,* Case No. 2024-00203. The plaintiff in that case, who is represented by one of the Plaintiffs' Counsel here, will discontinue that action upon the Effective Date of the Settlement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

appointed Scott E. Cole, Andrew W. Ferich, Todd S. Garber, and Kenneth Grunfeld to the plaintiffs' executive committee. On March 17, 2025, Plaintiffs filed a Consolidated Class Action Complaint ("CCAC"), individually and on behalf of all others similarly situated, bringing claims against Defendants for (i) negligence; (ii) negligence per se; (iii) breach of fiduciary duty (against Geisinger only); (iv) breach of implied contract; (v) breach of third-party beneficiary contract; (vi) unjust enrichment; and (vii) declaratory and injunctive relief.

4.    Defendants deny any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Defendants have asserted or would assert, or the requirements of Federal Rule of Civil Procedure 23 and whether the Class Representatives satisfy those requirements. Defendants further deny that the Class Representatives or any class members have suffered damages sufficient to support a cause of action and deny that it would be possible or feasible to certify a class over Defendants' objection other than for settlement purposes.

5.    Plaintiffs and Settlement Class Counsel (defined below) believe that the claims asserted in the Litigation have merit. Settlement Class Counsel investigated the facts relating to the claims and defenses alleged and the underlying events in the

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Litigation, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Litigation, and have conducted a thorough assessment of the strengths and weaknesses of the respective positions.

6. The Parties seek to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the CCAC and Litigation on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Litigation.

7. Counsel for the Parties, highly experienced in data breach litigation and class actions, have engaged in extensive arm's-length negotiations concerning settlement of the claims asserted in the Litigation.

8. After vigorous, arms'-length negotiations, including a full-day mediation overseen by Judge Diane M. Welsh (ret.), the Parties reached a settlement-in-principle for a non-reversionary common fund of $5,000,000.00. The full terms of the settlement are memorialized in this Settlement Agreement.

9. Plaintiffs and Settlement Class Counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through the various phases of litigation (including potentially class certification, trial and appeal), the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendants on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class. The Settlement confers substantial benefits upon the Settlement Class.

10.    Defendants and their counsel also concluded that the settlement with Plaintiffs and the Settlement Class set forth herein is fair and reasonable and in the best interests of Defendants. More specifically, Defendants deny all claims and contentions alleged against them in the Litigation, and all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendants have also considered the uncertainty and risks inherent in any litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

11.    The Parties agree and understand that neither this Settlement Agreement, nor the Settlement it represents, shall be construed as an admission by Defendants of any wrongdoing whatsoever, including any admission of a violation

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

of any statute or law or of liability on the claims or allegations, including class certification, in this Litigation or any other similar claims in other proceedings.

12.    The Parties, by and through their respective counsel of record, and intending to be legally bound hereby, agree that all claims against Defendants arising out of or related to the allegations or subject matter of the CCAC and Litigation, as set forth in the Release in Section XV, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

## II.    DEFINITIONS

13.    As used herein and in the related documents attached hereto as exhibits, the following terms have the meaning specified below:

a.    "Claims Deadline" means the deadline for filing claims under the Settlement set at a date certain that is exactly ninety (90) days from the date notice of the Settlement is first postmarked or otherwise provided to the Settlement Class Members (i.e., 90 days after the Notice Date).

b.    "Claim Form" means the form members of the Settlement Class must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein, and substantially in the form of Exhibit A to this Settlement Agreement. The Claim Form shall require a sworn affirmation under penalty of perjury but shall not require a notarization or any other form of verification.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

c.     "Claims Period" means the period for filing claims up until a date certain no more than ninety (90) days from the Notice Date.

d.     "Claimants" shall have the meaning given in Paragraph 38.

e.     "Settlement Class Counsel" means Ben Barnow of Barnow and Associates, P.C. located at 205 W. Randolph Street, Suite 1630, Chicago, Illinois 60606, and Benjamin F. Johns of Shub Johns & Holbrook LLP located at 200 Barr Harbor Dr., Suite 400, Conshohocken, PA 19428.

f.     "Class Representatives" means Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski.

g.     "Costs and Expenses" means costs and expenses incurred by Settlement Class Counsel in connection with commencing, prosecuting, settling the Litigation, and obtaining an order of final judgment.

h.     "Court" means the United States District Court for the Middle District of Pennsylvania.

i.     "Day(s)" means calendar days, but does not include the day of the act, event, or default from which the designated period of time begins to run. Further and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal or Pennsylvania state legal

7

holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or Pennsylvania state legal holiday.

j.    "Data Incident" means the data security incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger and accessed and downloaded certain files containing the PII/PHI of Plaintiffs and Settlement Class Members.

k.    "Effective Date" means the date defined in Paragraph 100 of this Settlement Agreement.

l.    "Fee Award, Costs, and Expenses" means the amount of attorneys' fees, costs, and expenses awarded by the Court to Settlement Class Counsel.

m.    "Final" with respect to a judgment or order means that all of the following have occurred: (i) the time expires for noticing any appeal; (ii) if there is an appeal or appeals, completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

n.    "Final Approval Hearing" means the hearing to determine whether the Settlement should be given final approval and whether the applications of Settlement Class Counsel for attorneys' fees, costs, and expenses, and Service Awards should be approved.

o.    "Final Approval Order and Judgment" means the order of the Court finally approving this Settlement.

p.    "Geisinger's Counsel" means Erin Bolan Hines of Cozen O'Connor, located at 123 N. Wacker Drive, Suite 1800, Chicago, IL 60606, Max E. Kaplan of Cozen O'Connor, located at 1650 Market Street, Suite 2800, Philadelphia, PA 19103 and Brian Browne of Cozen O'Connor, located at 2001 M Street NW, Suite 500, Washington, D.C. 20036.

q.    "Litigation" means this case: the consolidated putative class action lawsuit captioned *In re Geisinger Health Data Security Incident Litigation*, No. 4:24-CV-01071, currently pending in the United States District Court for the Middle District of Pennsylvania.

r.    "Long-Form Notice" means the written notice substantially in the form of Exhibit B to this Settlement Agreement.

s.    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice and Claims Administration

9

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Costs incurred pursuant to this Settlement Agreement, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, and (iv) any Attorneys' Fees, Costs, and Expenses approved by the Court.

t.    "Notice and Claims Administration Costs" means all costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class and administering the Settlement. This does not include any separate costs incurred directly by Defendants or any of Defendants' agents or representatives in this Litigation, or in connection with initially providing notification of the security incident.

u.    "Notice Date" means the date certain by which the sending of notice must be commenced, which is exactly thirty (30) days following the entry of the Preliminary Approval Order.

v.    "Notice Program" means the method of disseminating notice of the settlement to the Settlement Class, as described in Section VII.

w.    "Non-Profit Residual Recipient" means Cybercrime Support Network, a 501(c)(3) non-profit that provides resources to help people recognize, report, and recover from cybercrimes.

x.    "Nuance's Counsel" means Ezra D. Church and Su Jin Kim of Morgan, Lewis & Bockius LLP, located at 2222 Market Street, Philadelphia, PA 19103.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

y.     "Objection Deadline" means sixty (60) days after the Notice Date, or the next business day if the 60th day falls on a weekend or legal holiday, or as otherwise ordered by the Court.

z.     "Opt-Out Deadline" means sixty (60) days after the Notice Date, or the next business day if the 60th day falls on a weekend or legal holiday, or as otherwise ordered by the Court.

aa.     "Opt-Out Members" shall have the meaning set forth in Paragraph 61.

bb.     "Parties" means Plaintiffs and Defendants, collectively, and a "Party" means one of Plaintiffs or one of Defendants.

cc.     "PHI" means protected health information.

dd.     "PII" means personally identifiable information.

ee.     "Postcard Notice" means the written notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order substantially in the form of Exhibit C to this Settlement Agreement.

ff.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

gg.     "Preliminary Approval Order" means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing.

hh.    "Released Claims" means all claims and other matters released in and by Section XV of this Settlement Agreement.

ii.    "Released Persons" means Defendants and each of their respective present and former parents, subsidiaries, divisions, departments, affiliates, employees, agents, representatives, servants, members, providers, partners, principals, directors, officers, shareholders, owners, predecessors, successors, assigns, and insurers, and each of the foregoing's former or present directors, trustees, officers, employees, representatives, agents, providers, consultants, advisors, attorneys, accountants, partners, vendors, customers, insurers, reinsurers, and subrogees.

jj.    "Service Award" shall have the meaning set forth in Paragraph 73.

kk.    "Settlement" means the settlement reflected by this Settlement Agreement.

ll.    "Settlement Administrator" means the class action settlement administrator, identified in the Motion for Preliminary Approval, which has been retained to carry out the Notice Program and administer the claims and settlement fund distribution process.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

mm. "Settlement Agreement" means this Settlement Agreement, including releases and all exhibits hereto.

nn. "Settlement Class" means all persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger (i.e., the Data Incident, as previously defined), including all persons who were sent a notice of this data incident. Geisinger's and Nuance's officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

oo. "Settlement Class Member[s]" means all persons who are members of the Settlement Class.

pp. "Settlement Fund" means the non-reversionary sum of Five Million Dollars and Zero Cents ($5,000,000.00) to be paid by, or on behalf of,

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-779A5F7F9BB29

Defendants into a qualified settlement fund as specified in this Agreement, including any interest accrued thereon after payment.

qq.    "Settlement Website" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Postcard Notice, the Long-Form Notice, and the Claim Form, among other things.

rr.    "Unknown Claims" means claims related to the Data Incident that could have been raised in the Litigation and that either of Plaintiffs or any Settlement Class Member (other than Opt-Out Members), and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, successors, attorneys, and assigns do not know to exist or suspects to exist, which, if known by him, her or it, might affect his, her, or its agreement to release Defendants and all other Released Persons, or might affect his, her, or its decision to agree to, or object or not to object to the Settlement. Plaintiffs' Released Claims and Released Class Claims include a waiver of the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by the law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

14.    For settlement purposes only, Plaintiffs will request that the Court certify the Settlement Class.

15.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, Defendants agree to stipulate to the certification of the Settlement Class and will not oppose Plaintiffs' request for certification. If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then Defendants' stipulation will be withdrawn and deemed to be of no force or effect for any purpose in this or any other proceeding.

## IV.    THE SETTLEMENT FUND

16.    <u>The Settlement Fund</u>. Defendants agree to make, or have made on their behalf, an initial payment to cover the reasonable Notice and Claims Administration Costs within thirty (30) calendar days of the Court's entry of the Preliminary Approval Order. The timing set forth in this provision is contingent upon the receipt of a W-9 from the Settlement Administrator for the Settlement Fund within 7 Days

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

of the date that the Preliminary Approval Order is issued. If Defendants do not receive this information by 7 Days after the date that the Preliminary Approval Order is issued, the payments specified by this paragraph shall be made within thirty (30) calendar days after Defendants receive this information. Within thirty (30) calendar days after the Court enters the Final Approval Order, Defendants will make, or have made on their behalf, payment of the remainder of Five Million Dollars and Zero Cents ($5,000,000.00) not already paid as part of the reasonable Notice and Claims Administration Costs.

17.    Custody of the Settlement Fund. The Settlement Fund shall be deposited in an appropriate interest-bearing trust established by the Settlement Administrator and approved by Settlement Class Counsel but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to whom paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

a.    In the event this Agreement is lawfully voided, terminated, or cancelled due to lack of approval from the Court or any other reason other than breach of the Agreement by Defendants: (i) the Class Representatives and Settlement Class Counsel shall have no obligation to repay any of the Notice and Claims Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Settlement Fund, including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendants; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

18.    <u>Non-Reversionary</u>. This Settlement is non-reversionary. As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is lawfully voided, cancelled, or terminated, as described in Section XIV of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall ever be returned to Defendants.

19.    <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) reasonable Notice and Claims Administration Costs incurred pursuant to this Settlement Agreement as approved by the Parties and approved by the Court, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, (iv) any Attorneys' Fee Award, Costs, and Expenses as approved by the Court, and (v) any benefits to Settlement Class Members, pursuant to the terms and conditions of this Agreement.

20.    <u>Financial Account</u>. The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administrator and approved by Settlement Class

17

Counsel and Defendants, and shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq*.

21. <u>Payment/Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement, and (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Notice and Claims Administration Costs from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Settlement Class Counsel and Defendants with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

22. <u>Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and Settlement Class Counsel as may be necessary or as circumstances may require, shall administer, and oversee distribution of the Settlement Fund to Claimants pursuant to this Agreement.

23. <u>Treasury Regulations and Fund Investment</u>. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

24.    _Taxes_. All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered a Notice and Claims Administration Cost, and shall be paid timely by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by the Class

19

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-770A5F9BB29

Representatives or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. The Class Representatives and each Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement. Defendants will have no responsibility for any tax consequences to Class Counsel, Class Representatives, and each Settlement Class Member.

25.  <u>Limitation of Liability.</u>

a.  Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Settlement Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendants also shall have no obligation to communicate with Settlement Class Members regarding amounts paid under the Settlement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

b. The Class Representatives and Settlement Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## V.    BENEFITS TO SETTLEMENT CLASS MEMBERS

26. <u>Compensation to Settlement Class Members.</u> Each Settlement Class Member who submits a valid and timely Claim Form may qualify for the following benefits, the costs of which shall be paid from the Settlement Fund.

27. <u>Reimbursement for Out-of-Pocket Losses</u>. Settlement Class Members may submit a claim for up to Five Thousand Dollars and No Cents ($5,000.00) per individual for documented Out-of-Pocket Losses. Any Settlement Class Member whose claim for Out-of- Pocket Losses is deemed by the Settlement Administrator to be invalid (and who fails to cure any deficiency within a reasonable period of

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

time) will automatically qualify for the Alternative Cash Payment, as opposed to having their claim denied outright. To receive reimbursement for Out-of-Pocket Losses, the Out-of-Pocket Loss must, as determined by the Settlement Administrator: (i) be an actual, documented, and unreimbursed monetary loss; (ii) be more likely than not caused by the Data Incident; and (iii) have occurred between November 29, 2023, and the close of the Claims Period. The categories of reimbursable out-of-pocket losses include, but are not limited to:

a.     Unreimbursed fraud;

b.     Long-distance telephone charges;

c.     Cell phone minutes (if charged by the minute);

d.     Internet usage charges (if charged by the minute or incurred solely as a result of the Data Incident);

e.     Credit monitoring or fraud resolution services purchased after the Data Incident (November 29, 2023);

f.     Costs of credit reports;

g.     Bank or other financial institution charges incurred as a result of the Data Incident; and

h.     Other losses reasonably incurred as a result of the Data Incident.

28.     <u>Alternative Cash Payment:</u> In lieu of reimbursement for Out-of-Pocket Losses, Settlement Class Members may elect to submit a claim for a one-time

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Alternative Cash Payment, the amount of which will be determined on a pro rata basis, as described in Paragraph 41, below. To receive an Alternative Cash Payment, a valid Claim Form must be submitted by or on behalf of a Settlement Class Member, indicating the selection of an Alternative Cash Payment in lieu of any Out-of-Pocket Losses they may be eligible to receive.

     a.    All Class Members on the Class List will receive a Unique Claim ID on their notice. Supporting documents, aside from the returned Claim Form with a Unique Claim ID, are not required to be submitted by Settlement Class members in order to receive an Alternative Cash Payment.

     b.    As a fraud preventative measure, anyone who is not on the Class List who believes they are nonetheless a Settlement Class Member will be required to print and mail a Claim Form, and will need to provide reasonable documentation to confirm that they are a Settlement Class Member. The Claims Administrator shall use standard fraud-identification and prevention techniques in validating the status of such Class Members.

    29.   <u>Credit/Medical Monitoring and Identity Theft Protection Services</u>: In addition to submitting a claim for Out-of-Pocket Losses or an Alternative Cash Payment, Settlement Class Members may also elect to enroll in Credit/Medical Monitoring and Identity Theft Protection Services. All Settlement Class Members shall be eligible to enroll in one (1) year of three-bureau Credit/Medical Monitoring

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

and Identity Theft Protection Services, regardless of whether the Settlement Class
Member submits a claim for reimbursement of Out-of-Pocket Losses or an
Alternative Cash Payment. The Credit/Medical Monitoring and Identity Theft
Protection Services will have the following features:

    a.  Real time monitoring of the credit file at all three major credit bureaus;

    b.  Identity theft insurance (no deductible) of $1,000,000;

    c.  Dark web monitoring;

    d.  Medical record monitoring;

    e.  Health insurance plan number monitoring;

    f.  Medical beneficiary identifier monitoring;

    g.  Health savings account monitoring; and

    h.  Access to fraud resolution agents to help resolve identity theft.

## VI.   SETTLEMENT ADMINISTRATION

30.    All Notice and Settlement Administration Costs will be paid from the
Settlement Fund.

31.    The Parties agree to solicit competitive bids for settlement
administration, including Notice and Claims Administration Costs, to rely upon
Postcard Notice, and to utilize other appropriate forms of notice where practicable,
all in order to contain the administration costs while still providing effective notice
to the Settlement Class Members. Based on this competitive bidding process, the

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Parties agree to select an experienced class action settlement administrator to serve as the Settlement Administrator.

32.    The Settlement Administrator will provide Postcard Notice to all Settlement Class Members by United States First Class mail of the settlement terms to all Settlement Class Members for whom they are provided a valid mailing address. The Settlement Administrator shall perform skip-tracing for any returned mail and shall re-mail notice to any Settlement Class Members whose addresses are uncovered by skip-tracing. Settlement Class Members shall have sixty (60) Days from the Notice Date to opt out of the Settlement Class or object to the Settlement.

33.    The Settlement Administrator shall also provide notice via publication if necessary and to the extent such notice is deemed appropriate by the Parties in consultation with the Settlement Administrator in order to provide the best notice practicable under the circumstances.

34.    The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of the Settlement and any orders of the Court. The Settlement Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by all of Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel. The Parties shall reasonably cooperate with such requests.

35.    The Settlement Administrator will administer the claims process in accordance with the terms of the Settlement and any additional processes agreed to by all of Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel, subject to the Court's supervision and direction as circumstances may require.

36.    To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted online at the Settlement Website or by U.S. mail and must be postmarked (if mailed) no later than the Claim Deadline.

37.    The Settlement Administrator will review and evaluate each Claim Form, including any required documentation submitted, for validity, timeliness, and completeness.

38.    If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete or inadequately supported Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty-one (21) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel. If the defect is not cured within the 21-Day period, then the Claim will be deemed invalid. However, to the extent possible, any invalid claims for Out-of-Pocket Losses (other than those filed

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-779A5F7F9BB29

by non-Settlement Class Members) should be treated as a valid claim for an Alternative Cash Payment. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but cured within the 21-Day period, shall be considered "Claimants."

39.    The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred sixty (360) Days after entry of the Final Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement and Settlement. Geisinger, Nuance, or the Settlement Administrator will provide other reports or information that the Court may request or that the Court or Settlement Class Counsel may reasonably require. Settlement Class Counsel or the Settlement Administrator will provide other reports or information as Geisinger or Nuance may reasonably require.

40.    Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide Claimants who selected Credit/Medical Monitoring and Identity Theft Protection Services with enrollment instructions for those services. Class Members will have up to two years to enact their Credit/Medical Monitoring.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-770A5F9BB29

41.     Subject to the terms and conditions of this Settlement Agreement, sixty (60) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide a payment via check ("Claim Check") or digital payment selected in consultation with Settlement Class Counsel (collectively, "Claim Payment") to each Claimant in the amount for which each Claimant has submitted a Claim Form approved by the Settlement Administrator or by the Court, for good cause shown, in accordance with the following distribution procedures:

a.     The Settlement Administrator will first apply the Net Settlement Fund to pay for Credit/Medical Monitoring and Identity Theft Protection Services. After payment of costs related to Credit/Medical Monitoring and Identity Theft Protection Services, the Settlement Administrator will next allocate payments for valid claims for Out-of-Pocket Losses. The amount of the Net Settlement Fund remaining after all payments for Credit/Medical Monitoring and Identity Theft Protection Services and Out-of-Pocket Losses are made shall be referred to as the "Post-Loss Net Settlement Fund."

b.     The Settlement Administrator shall then utilize the Post-Loss Net Settlement Fund to make all Alternative Cash Payments. The amount of each Alternative Cash Payment shall be calculated by dividing the Post-Loss Net Settlement Fund evenly by the number of valid claims for Alternative Cash Payments.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

42.    Each Claim Check shall be mailed to the address provided by the Claimant on his or her Claim Form. All Claim Checks issued under this section shall be void if not negotiated within ninety (90) calendar days of their date of issue and shall contain a legend to that effect. Claim Checks issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.

43.    To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) days after the distribution of Claim Payments to the Claimants, a subsequent payment will be evenly made to all Claimants who claimed an Alternative Cash Payment and cashed or deposited their initial Alternative Cash Payment they received, provided that the average payment amount is equal to or greater than Five Dollars and No Cents ($5.00). The distribution of this remaining Net Settlement Fund shall continue until the average payment amount in a distribution is less than Five Dollars and No Cents ($5.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient. Should any amount remain in the Net Settlement Fund following the redistributions, the Parties will petition and obtain approval from the Court as to the Non-Profit Residual Recipient and to distribute the remaining funds to it.

44.    If the funds remaining in the Net Settlement Fund are not sufficient to make payment for all Approved Claims, the Parties shall work with the Settlement

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Administrator to determine any necessary pro rata reductions in Approved Claims for Out-of-Pocket Losses and/or Alternative Cash Payments.

45.    For any Claim Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Check within thirty (30) Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Claim Check.

46.    No portion of the Settlement Fund shall revert or be repaid to Geisinger or Nuance after the Effective Date. Any residual funds remaining in the Net Settlement Fund, after all payments and distributions are made pursuant to the terms and conditions of this Agreement shall be distributed to the Non-Profit Residual Recipient, as approved by the Court.

## VII.  NOTICE TO SETTLEMENT CLASS MEMBERS

47.    The Parties agree the following Notice Program provides reasonable notice to the Settlement Class.

48.    Direct Notice shall be provided to Settlement Class Members by First Class U.S. Mail for Settlement Class Members for whom the Settlement Administrator has a valid address. Additional Notice may be provided via publication as described in Paragraph 33, to the extent such notice is deemed

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

appropriate by the Settlement Administrator in consultation with the Parties in order to provide the best notice practicable under the circumstances.

49.    Within seven (7) Days of the entry of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with the names and last-known addresses known to Geisinger for the Settlement Class Members (the "Class List"). The Settlement Administrator shall, by using the National Change of Address database maintained by the United States Postal Service ("Postal Service"), obtain updates, if any, to the mailing addresses.

50.    On the Notice Date (exactly thirty (30) Days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Postcard Notice to all Settlement Class Members by first class United States mail.

51.    If any Postcard Notice is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Postcard Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Notices.

52.    The mailed notice will consist of the Postcard Notice, substantially in the form of Exhibit C. The Postcard Notice shall include a tear-off claim form and a QR code for the Settlement Website. The Settlement Administrator shall have discretion to format this Postcard Notice in a reasonable manner to minimize mailing

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

and administrative costs. Before the mailing of the Postcard Notice commences, Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's orders.

53.    No later than thirty (30) Days following entry of the Preliminary Approval Order, the Settlement Administrator shall effectuate any publication notice made pursuant to Paragraph 33.

54.    No later than thirty (30) Days following entry of the Preliminary Approval Order, and prior to the mailing of the Postcard Notice, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the CCAC, Long-Form Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties, which approval shall not be unreasonably withheld. The website address and the fact that a more detailed Long-Form Notice and a Claim Form are available through the website, shall be included in the Postcard Notice.

55.    Claimants shall be able to submit their claims via the Settlement Website. If the claims rate is two percent (2.0%) or less prior to the Claims Deadline,

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Settlement Class Counsel shall have the option to direct the Settlement Administrator to supplement the Notice Program, with any additional costs covered by the Settlement Fund.

56.     The Settlement Website shall be maintained from the Notice Date until one hundred eighty (180) Days after the Claims Deadline has passed.

57.     Claim Forms shall be returned or submitted to the Settlement Administrator online or via U.S. mail, postmarked by the Claims Deadline set by the Court, or be forever barred unless such claim is otherwise approved by the Court at the Final Approval Hearing, for good cause shown as demonstrated by the applicable Settlement Class Member.

58.     Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Settlement Class Counsel to file with the Court, an appropriate affidavit or declaration from the Settlement Administrator respecting compliance with the Court-approved Notice Program.

## VIII. OPT-OUT PROCEDURE

59.     Each member of the Settlement Class shall have the right to request exclusion from the Settlement Class and not participate in the Settlement Agreement, as provided for in the Preliminary Approval Order. Opt-Outs may be submitted on behalf of individual Settlement Class Members only; mass or group opt outs will not be permitted.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-770A5F7F9BB29

60.    The Postcard Notice shall inform each Settlement Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Settlement Agreement, if, before the Opt-Out Deadline, the Settlement Class Member personally completes and mails a request for exclusion ("Opt-Out Request") to the Settlement Administrator at the address set forth in the Postcard Notices.

61.    For a Settlement Class Member's Opt-Out Request to be valid, it must (a) state his or her full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature (or the original signature of a person authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Litigation); and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class and from the Settlement. The Settlement Administrator shall promptly inform Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel of all valid and timely Opt-Out Requests, with all such Settlement Class Members being referred to herein as "Opt-Out Member(s)."

62.    Opt-Out Members shall receive no benefit or compensation under this Settlement Agreement and shall have no right to object to the proposed Settlement Agreement or address the Court at the Final Approval Hearing.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

63.     A request for exclusion that does not comply with all of the foregoing, that is not postmarked by the Opt-Out Deadline, or that is sent to an address other than that set forth in the Postcard Notice shall be invalid, and that Settlement Class Member shall remain in and be treated as being in the Settlement Class and as being bound by this Settlement Agreement and the release contained herein.

64.     Prior to the Final Approval Hearing, the Settlement Administrator shall create a comprehensive list of all Opt-Out Members for submission to the Court and to be provided to Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel.

65.     Opt-Out Members shall not (a) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement.

## IX.    OBJECTIONS TO THE SETTLEMENT

66.     Any Settlement Class Member who wishes to object to the proposed Settlement must file with the Court and serve a written objection(s) to the Settlement ("Objection(s)") to Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel at the addresses set forth in the Long-Form Notice via First Class U.S Mail.

67.     Each Objection must (i) include the case name and number; (ii) set forth the Settlement Class Member's full name, current address, and telephone number;

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

(iii) contain the Settlement Class Member's original signature; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. The Objection must indicate whether the objector or his/her counsel have filed an objection to a class action settlement within the past three years, and if so, the case names and dockets of any such case.

68.    Objections must be filed with the Court and served on Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel by the Objection Deadline, as defined in Paragraph 13.y. above. The Objection Deadline shall be included in the Postcard and Long-Form Notices.

69.    Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

70.    An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve the notice on Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel) by the Objection Deadline.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-770A57F9BB29

a.    If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member, the attorney who will appear at the Final Approval Hearing, if any, and include the attorney(s) name, address, phone number, e-mail address, state and federal bar(s) to which said counsel is admitted, as well as associated  bar numbers.

b.    Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, of his or her intent to appear at the Final Approval Hearing in person or through counsel pursuant to this Settlement Agreement, as detailed in the Long-Form Notice, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

71.    Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Settlement Agreement, the Long-Form Notice, and otherwise as ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

## X.    ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

72.    Settlement Class Counsel may request the Court approve an award of attorneys' fees not to exceed $1,666,666.67, in addition to reasonable costs and expenses incurred in prosecuting the litigation. Settlement Class Counsel's attorneys' fees, costs, and expenses awarded by the Court shall be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court-approved amount of attorneys' fees, costs, and expenses shall be paid from the Settlement Fund. The Parties did not discuss payment of attorneys' fees, costs, and expenses until after they agreed on all materials terms of relief to the Settlement Class. Settlement Class Counsel shall have the exclusive authority to distribute any Court-awarded attorneys' fees, costs, and expenses among Plaintiffs' counsel.

73.    Settlement Class Counsel shall request the Court approve Service Awards of $2,000 each for the Class Representatives ($10,000.00 in total), which awards are intended to recognize Class Representatives for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Award"). The Service Awards are subject to Court approval. If approved by the Court, the Service Awards will be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court-approved amount shall be paid from the Settlement Fund. The Parties did not discuss or agree upon payment of Service Awards until after they agreed on all material terms of relief to the Settlement Class.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

74.     Settlement Class Counsel will file applications with the Court for the requested Service Awards and attorneys' fees, costs, and expenses, at least fourteen (14) Days prior to the Objection Deadline.

75.     The Parties agree that the Court's approval or denial of any request for Service Awards or attorneys' fees, costs, and expenses, are not conditions to this Settlement Agreement and are to be considered by the Court separately from final approval, reasonableness, and adequacy of the Settlement. Any reduction to the Service Award or award of attorneys' fees, costs, and expenses shall not operate to terminate or cancel this Settlement Agreement.

## XI.    NOTICES

76.     All notices to the Parties required by the Settlement Agreement shall be made in writing and communicated by First Class U.S. mail to the following addresses:

All notices to Settlement Class Counsel or Plaintiffs shall be sent to:

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1630
Chicago, IL 60606

Benjamin F. Johns
SHUB JOHNS & HOLBROOK LLP
200 Barr Harbor Dr., Suite 400
Conshohocken, PA 19428

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

All notices to Geisinger or Geisinger's Counsel shall be sent to:

Max E. Kaplan
COZEN O'CONNOR
1650 Market Street
Suite 2800
Philadelphia, PA 19103

All notices to Nuance or Nuance's Counsel shall be sent to:

Ezra D. Church
Su Jin Kim
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103

77.    Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, Opt-Out Requests, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

## XII.  SETTLEMENT APPROVAL PROCESS

78.    Within fourteen (14) days after the execution of the Settlement Agreement, Settlement Class Counsel shall prepare a Motion for Preliminary Approval and provide it to Defendants' Counsel for review.  No later than ten (10) business days after that, Class Counsel shall file a Motion for Preliminary Approval of Class Action Settlement, including the Settlement Agreement, requesting that the Court, among other things

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

a.    Preliminarily approves this Settlement Agreement;

b.    Certifies the Settlement Class;

c.    Appoints Plaintiffs as Class Representatives and Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP as Settlement Class Counsel;

d.    Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

e.    Finds the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable law and that no further notice to the Class is required beyond that provided through the Notice Program;

f.    Appoints the Settlement Administrator in accordance with the provisions of Section VI;

g.    Directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

41

h.    Approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

i.    Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

j.    Schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court; and

k.    Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the Settlement.

## XIII. FINAL APPROVAL HEARING

79.    The Parties agree to promptly provide to each other copies of Objections, Opt-Out Requests, or other documents or filings received from a Settlement Class Member because of the Notice Program.

80.    The Parties will recommend that the Final Approval Hearing should be scheduled no earlier than one hundred and ten (110) Days after the entry of the Preliminary Approval Order.

81.    The Parties may file a response to any objections in further support of Final Approval no later than fourteen (14) Days prior to the Final Approval Hearing

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

or after receiving any timely submitted objection, whichever is later. In their discretion, the Parties may respond to late-filed objections, as they deem appropriate.

82.    Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must, by the Objection Deadline, either mail or hand-deliver to the Court or file a notice of appearance in the Litigation, take all other actions or make any additional submissions as may be required in the Long-Form Notice or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Settlement Class Counsel, Geisinger's Counsel, and Nuance's Counsel as provided in the Long-Form Notice.

83.    The Parties shall ask the Court to enter a Final Approval Order and Judgment which includes the following provisions:

a.    A finding that the Notice Program fully and accurately informs all Settlement Class Members entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law;

b.    Final certification of the Settlement Class, including appointment of Plaintiffs as Class Representatives and Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP as Settlement Class Counsel;

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4808-9A2D-770AE7F9BB29

c.    A finding that after proper notice to the Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied;

d.    Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, in all respects, finding that the settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

e.    A finding that neither the Final Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability by the Parties, or any liability or wrongdoing whatsoever by any Party;

f.    Subject to the reservation of jurisdiction for matters discussed in subparagraph (i) below, a dismissal with prejudice of claims pending against Geisinger and Nuance in the Litigation;

g.    A finding that Plaintiffs shall as of the entry of the Final Judgment conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Plaintiffs' Released Claims;

h.    A finding that all Settlement Class Members not opting out or who have not properly opted out of the Settlement Class shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

completely released, relinquished, and discharged the Released Persons from the Released Class Claims; and

i.    A reservation of exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Settlement Class and resolving any disputes that may arise with regard to the foregoing.

84.    When the Settlement becomes final, the claims against Geisinger and Nuance in the Litigation shall be dismissed with prejudice, with the Plaintiffs to bear their own costs and attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

## XIV.  TERMINATION OF THIS SETTLEMENT AGREEMENT

85.    Each Party shall have the right to terminate this Settlement Agreement if:

a.    The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to Exhibit D hereto);

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

b.      The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from Exhibit E hereto);

c.      The Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein;

d.      More than 1,500 Settlement Class Members Opt-Out of the Settlement; or

e.      The Effective Date cannot occur.

86.     Settlement Class Counsel agrees to work in good faith to effectuate this Settlement Agreement and will not solicit or encourage, in any manner, Settlement Class Members to submit Opt-Out Requests.

87.     If a Party elects to terminate this Settlement Agreement under this Section XIV, that Party must provide written notice to all other Parties' counsel, by hand delivery, mail, or e-mail within ten (10) days of the occurrence of the condition permitting termination.

88.     Nothing shall prevent Plaintiffs, Geisinger, or Nuance from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

89.     If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) the Litigation and all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; (iv) as set forth in Paragraph 17.a., Plaintiffs and Settlement Class Counsel shall have no obligation to repay any of the Notice and Claims Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; and (v) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

90.     If the Court does not approve the Settlement or the Effective Date cannot occur for any reason, Geisinger and Nuance shall retain all of their rights and defenses in this Litigation. For example, Geisinger and Nuance shall have the right to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

## XV.    RELEASE

91.     The Final Approval Order and Final Judgment shall provide that claims against Geisinger and Nuance in the Litigation are dismissed with prejudice as to Plaintiffs and all Settlement Class Members who are not Opt-Out Members.

92.     On the Effective Date, Plaintiffs and each and every Settlement Class Member who is not an Opt-Out Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Plaintiffs' Released Claims or the Released Class Claims.

93.     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, Plaintiffs will be deemed to have

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, the Data Incident, including such claims that were or could have been asserted in the Litigation (the "Plaintiffs' Release"). The Plaintiffs' Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Plaintiffs' Released Claims"). The Plaintiffs' Released Claims shall constitute and may be pled as a complete defense against any proceeding arising from, relating to, or filed in connection with the Plaintiffs' Released Claims.

94.    On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member who is not an Opt-Out Member will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges,

49

complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, the Data Incident, including such claims that were or could have been asserted in the Litigation (the "Settlement Class Release"). The Settlement Class Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Released Class Claims"). The Released Class Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

95.    Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members who are not Opt-Out Members shall be bound by this Settlement Agreement and the Settlement Class Release and all of Plaintiffs' Released Claims and the Released Class Claims shall be dismissed with prejudice and released, irrespective of whether the Settlement Class Members received actual notice of the Litigation or this Settlement.

96.    Plaintiffs' Released Claims and Released Class Claims include the release of Unknown Claims. For the avoidance of doubt, this Settlement and Release

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

does not release any claims or potential claims for medical negligence or medical malpractice.

97.    On entry of the Final Approval Order and Final Judgment, Plaintiffs and Settlement Class Members (other than Opt-Out Members) shall be enjoined from prosecuting, respectively, Plaintiffs' Released Claims and/or the Released Class Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

98.    Without in any way limiting the scope of the Plaintiffs' Release or the Settlement Class Release (the "Releases"), the Releases cover, without limitation, any and all claims for attorneys' fees, costs, expenses, or disbursements incurred by Settlement Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the claims against Geisinger or Nuance in the Litigation, the Settlement, the administration of such Settlement and/or Plaintiffs' Released Claims or Released Class Claims, as well as any and all claims for the Service Awards to Plaintiffs.

99.    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

## XVI. EFFECTIVE DATE

100. The "Effective Date" of this Settlement Agreement shall be the first Day after the date when all of the following conditions have occurred:

    a.    This Settlement Agreement has been fully executed by all Parties and their counsel;

    b.    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Notice Program and Claim Form, all as provided above;

    c.    The Court-approved Postcard Notice has been mailed and other notice required by the Notice Program has been effectuated and the Settlement Website has been duly created and maintained as ordered by the Court;

    d.    The Court has entered a Final Approval Order finally approving this Settlement Agreement, as provided above; and

    e.    The Final Approval Order and Final Judgment have become Final.

## XVII. MISCELLANEOUS PROVISIONS

101. The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

Docusign Envelope ID: 77EB94F5-0C54-4898-9A2D-779A5F7F9BB29

102.   This Settlement Agreement is for settlement purposes only. Neither the fact of nor any provision contained in this Settlement Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the CCAC or Litigation or of any wrongdoing, fault, violation of law or liability of any kind on the part of Geisinger or Nuance or any admission by Geisinger or Nuance of any claim in this Litigation or allegation made in any other proceeding, including regulatory matters, directly or indirectly involving the Data Incident or allegations asserted in the CCAC and Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding between the Parties, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Geisinger or Nuance that Plaintiffs' claims or any similar claims are suitable for class treatment.

103.   If there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

or appropriate actions to obtain judicial approval of this Settlement Agreement to give this Settlement Agreement full force and effect.

104.   No person shall have any claim against Plaintiffs, Settlement Class Counsel, Geisinger, Geisinger's Counsel, Nuance, Nuance's Counsel, the Settlement Administrator, or the Released Persons or any of the foregoing's agents or representatives based on the administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

105. This Settlement Agreement constitutes the entire Settlement Agreement between the Plaintiffs, on the one hand, and the Defendants, on the other hand, with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and settlement agreements between Plaintiffs, on the one hand, and Defendants, on the other hand, and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement between Plaintiffs, on the one hand, and Defendants, on the other hand, has been made or relied on except as expressly set forth in this Settlement Agreement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

106.   There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Parties. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

107.   In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to, any responsibility for such a transmittal.

108.   This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arms-length negotiations resulting in this Settlement Agreement, all Parties have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

109.   This Settlement Agreement shall be construed under and governed by the laws of the Commonwealth of Pennsylvania without regard to its choice of law provisions.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

110.   If any press release is to be issued by the Parties, including their respective counsel, concerning the Settlement, it will be a joint press release for which the Parties will agree upon the language therein prior to release.

111.   In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Geisinger, Nuance, or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

112.   This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members. The Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

113.   The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

114.  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve judicial approval of this Settlement Agreement.

115.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

116.  Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

117.  Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the

Settlement Agreement.

Approved as to form and content by counsel for Plaintiffs and the Settlement Class:

By: _____

Ben Barnow

**BARNOW AND ASSOCIATES, P.C.**

205 West Randolph Street, Ste. 1630

Chicago, IL 60606

b.barnow@barnowlaw.com


Dated: September 8, 2025

By: _____

Benjamin F. Johns

**SHUB JOHNS & HOLBROOK LLP**

200 Barr Harbor Dr., Suite 400

Conshohocken, PA 19428

bjohns@shublawyers.com


Dated: September 5, 2025

Approved as to form and content by counsel for Geisinger:

By: _____

Erin Bolan Hines

**COZEN O'CONNOR**

123 North Wacker Drive

Suite 1800

Chicago, IL 60606

ebolanhines@cozen.com


Dated: 09/09/25 | 4:39 PM EDT

Approved as to form and content by counsel for Nuance:

By: _____
Ezra D. Church
Su Jin Kim
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
ezra.church@morganlewis.com
su.kim@morganlewis.com

Dated: **Sept. 8, 2025**

Approved as to form and content by Plaintiffs

_____
Amber Lopez

Dated: 9/8/2025

_____
Thomas Wilson

Dated: 9/5/2025

_____
Brenda Everett (Sep 8, 2025 14:23:54 EDT)
Brenda Everett

Dated: 09/08/2025

_____
Ralph Reviello Jr (Sep 5, 2025 15:53:20 EDT)
Ralph Reviello

Dated: Sep 5, 2025

59

_____

James Wierbowski

Dated: 09 / 05 / 2025
_____

Doc ID: a0b747426bf0ad37d45614b706a68f007a00d913

# *Exhibit "A"*

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**
<mark>MONTH DD, 2025</mark>

</td><td>

**CLAIM FORM FOR DATA INCIDENT SETTLEMENT**

</td><td>

**Geisinger Health**

</td></tr>
</table>

*In re Geisinger Health Data Security Incident Litigation*
Case No. 4:24-cv-01071-MWB

## <u>GENERAL INSTRUCTIONS</u>

If you were notified that your personal information, including your personally identifiable information or personal health information was accessed as a result of the data security incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger Health ("Data Incident"), you are a member of the Settlement Class and are eligible to complete this Claim Form. If you are a Settlement Class Member, you are eligible to request one of the following forms of settlement relief: either (1) reimbursement for out-of-pocket losses up to $5,000 or (2) an Alternative Cash Payment the amount of which will depend on the amount remaining in the Settlement Fund after the amounts in the Settlement Fund have been distributed in accordance with the Settlement Agreement. In addition to choosing one of these options of relief, all Settlement Class Members are eligible to request one year of credit/medical monitoring and identity theft protection ("Credit/Medical Monitoring").

Please read this Claim Form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

**<u>To receive a Settlement Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at <mark>www.Website.com</mark> by <mark><<Claim Form Deadline>></mark>.</u>**

This Claim Form may be submitted electronically via the Settlement Website at <mark>URL</mark> or completed and mailed to the address below.  The Claim Form must be submitted online or **postmarked by <mark>MONTH DD, 2025</mark>**. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<mark>*Geisinger Health Data Incident*</mark>
<mark>c/o Kroll Settlement Administration LLC</mark>
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

### I.  PAYMENT SELECTION

If you would like to elect to receive a cash payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option

### II.  SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

|  |
|---|
| **Street Address** |

**Questions? Go to <mark>URL</mark> or call <mark>(XXX) XXX-XXXX</mark>.**

<table>
<tr><td>**Your claim must be submitted online or __postmarked by:__ <mark>MONTH DD, 2025</mark>**</td><td>**CLAIM FORM FOR DATA INCIDENT SETTLEMENT**<br><br>*In re Geisinger Health Data Security Incident Litigation*<br>Case No. 4:24-cv-01071-MWB</td><td>**Geisinger Health**</td></tr>
</table>

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| **Email Address** | **Telephone Number** |

---

## III.  PROOF OF SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify that you received a notification that your personal data was impacted in the Data Incident.

Enter the Unique ID Number provided on the Notice you received from the Settlement Administrator:

**0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___ ___**

---

## IV.  CREDIT/MEDICAL MONITORING AND IDENTITY THEFT PROTECTION

☐    Check this box if you wish to receive one (1) year of Credit/Medical Monitoring and Identity Theft Protection Services.

The Credit/Medical Monitoring and Identity Theft Protection Services will have the following features, at minimum: (a) Real time monitoring of the credit file at all three major credit bureaus; (b) Identity theft insurance (no deductible) of $1,000,000; (c) Dark web monitoring; (d) Medical record monitoring; (e) Health insurance plan number monitoring; (f) Medical beneficiary identifier monitoring; (g) Health savings account monitoring; and (h) Access to fraud resolution agents to help resolve identity theft.

---

## V.  REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

All members of the Settlement Class who submit a Valid Claim using this Claim Form and supporting documentation are eligible for reimbursement of documented out-of-pocket losses up to $5,000.00 that were incurred as a result of the Data Incident, so long as they did not select the Alternative Cash Payment above.

You must reasonably describe the out-of-pocket losses, provide supporting documentation, and attest that the losses were incurred, more likely than not, as a result of the Data Incident. Please provide as much information as you can to help us determine if you are entitled to a settlement payment.

> *Examples: Unreimbursed fraud, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), fees for credit reports, credit monitoring, or other identity theft insurance products purchased between November 29, 2023 and <mark>[Claim Deadline]</mark>.*

**Questions? Go to <mark>URL</mark> or call <mark>(XXX) XXX-XXXX</mark>.**

**CLAIM FORM FOR DATA INCIDENT SETTLEMENT**

*In re Geisinger Health Data Security Incident Litigation*
Case No. 4:24-cv-01071-MWB

<table>
<tr><td>Your claim must be submitted online or <u>postmarked by</u>: <mark>MONTH DD, 2025</mark></td></tr>
</table>

**Geisinger Health**

◯   I incurred out-of-pocket losses as a result of the Data Incident totaling $ _____ (max $5,000).

Describe your out-of-pocket losses below, including the date the loss was incurred and its relation to the Data Incident:

_____
_____
_____

**<u>Documentation of out-of-pocket losses is required</u>.** You may redact any transactions that are not relevant to your claim before sending in the documentation.

If you are seeking reimbursement for fees, expenses, or charges, you MUST attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred. If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance products purchased between November 29, 2023 and [<mark>CLAIM DEADLINE</mark>], you MUST attach a copy of a receipt or other proof of purchase for each credit report or product purchased.

> *Examples: Phone bills, postage receipts, receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.*

All out-of-pocket losses must be more likely than not attributable to the Data Incident and must not have been previously reimbursed.

◯   I attest and affirm under penalty of perjury that to the best of my knowledge and belief any claimed out-of-pocket losses have not been previously reimbursed and were incurred as a result of the Data Incident.

## VI.  ALTERNATIVE CASH PAYMENT

☐   Check this box if you wish to receive an Alternative Cash Payment instead of reimbursement for out-of-pocket losses. The amount of the Alternative Cash Payment will depend on the amount of claims for Alternative Cash Payments and the amount of funds remaining in the Settlement Fund after all other distributions have been made, as explained in the Settlement Agreement.

> *You may **<u>NOT</u>** claim the Alternative Cash Payment AND claim Reimbursement for Out-of-Pocket Losses. If you claim the Alternative Cash Payment, you give up the right to receive Reimbursement for Out-of-Pocket Losses.*

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____           _____           _____
             Signature                                              Printed Name                                                   Date

**Questions? Go to <mark>URL</mark> or call <mark>(XXX) XXX-XXXX</mark>.**

# *Exhibit "B"*

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

***In re Geisinger Health Data Security Incident Litig.*, No. 4:24-cv-01071 (M.D. Pa.)**

**If you were notified of a Data Incident that occurred at Geisinger Health on or around November 29, 2023, a Class Action Settlement may affect your rights.**

*THIS IS A COURT-AUTHORIZED NOTICE. IT IS NOT A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.*

## <u>PLEASE READ THIS NOTICE CAREFULLY</u>

<u>**To:**</u>   **All persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger Health (the "Data Incident"), including all persons who were sent a notice of the Data Incident, referred to herein as the "Settlement Class."**

A proposed Settlement of claims against Defendants Geisinger Health ("Geisinger") and Nuance Communications, Inc. ("Nuance") has been reached in a proposed class action lawsuit. The lawsuit asserted claims against Defendants related to the Data Incident.

If you are a member of the Settlement Class, you have the following options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** BY **[DATE]** | This is the only way you can get a payment or a code for credit monitoring services. |
| **OBJECT TO THE SETTLEMENT** BY **[DATE]** | Write to the Court with reasons why you do not agree with the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY [DATE]** | You will receive no benefits from the Settlement, but you will retain your legal claims against the Released Parties. |
| **GO TO THE FINAL APPROVAL HEARING ON [DATE]** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. |
| **DO NOTHING** | You will not get any compensation or credit monitoring from this Settlement and you will give up certain legal rights. Submitting a claim form is the only way to obtain payment or credit monitoring from this Settlement. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at *www.XXXXXXXXXXXXX.com*, or call 1- - - .

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals of the Court's order granting final approval are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**.................................................................................. **PAGE 1**

1. Why is this Notice being provided?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?**........................................... **PAGE 2**

5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** .................. **PAGE 2**

7. What does the Settlement provide?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM**.................................. **PAGE 3**

8. How do I get benefits from the Settlement?
9. How will claims be decided?
10. When will I get my payment?

**REMAINING IN THE SETTLEMENT** ............................................................ **PAGE 4**

11. Do I need to do anything to remain in the Settlement?
12. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................... **PAGE 4**

13. If I exclude myself, can I still get payment from the Settlement?
14. If I do not exclude myself, can I sue Defendants for the same thing later?
15. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................ **PAGE 5**

16. Do I have a lawyer in this case?
17. How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................ **PAGE 6**

18. How do I tell the Court that I do not like the Settlement?
19. What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL APPROVAL HEARING**.................................................. **PAGE 7**

20. When and where will the Court decide whether to approve the Settlement?
21. Do I have to come to the Final Approval Hearing?
22. May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** .............................................................................. **PAGE 7**

23. What happens if I do nothing?

**GETTING MORE INFORMATION** .............................................................. **PAGE 8**

24. Are more details about the Settlement available?
25. How do I get more information?

<u>BASIC INFORMATION</u>

| **1. Why is this Notice being provided?** |
|---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this proposed class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the payments and credit monitoring codes that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Middle District of Pennsylvania. The case is known as *In re Geisinger Health Data Security Incident Litigation*, No. 4:24-cv-01071 (the "Lawsuit"). The people who filed the Lawsuit are called the Plaintiffs and the entities they sued, Geisinger Health and Nuance Communications, Inc., are called the Defendants.

| **2. What is this lawsuit about?** |
|---|

The Lawsuit claims that Defendants were responsible for failing to prevent the Data Incident and asserts claims such as: negligence; negligence per se; breach of fiduciary duty (against Geisinger only); breach of implied contract; breach of third-party beneficiary contract; unjust enrichment; and declaratory and injunctive relief. The Lawsuit seeks, among other things, payment for persons who were injured by the Data Incident.

Defendants have denied and continue to deny all of the claims made in the Lawsuit, as well as all charges of wrongdoing or liability against them.

| **3. What is a class action?** |
|---|

In a class action, one or more people called class representatives sue on behalf of people who they allege have similar claims. Together, all these people are called a class or class members. One Court and one judge resolves the issues for all class members, except for those who exclude themselves from the class.

| **4. Why is there a Settlement?** |
|---|

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, Plaintiffs negotiated a settlement with Defendants that allows both Plaintiffs and Defendants to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to obtain payment and credit monitoring services without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members. This Settlement does not mean that Defendants did anything wrong.

<u>WHO IS INCLUDED IN THE SETTLEMENT?</u>

| **5. How do I know if I am part of the Settlement?** |
|---|

You are part of this Settlement as a Settlement Class Member if your personal information was compromised in the Data Incident or you previously received a notification from Defendants pertaining to the Data Incident.

| **6. Are there exceptions to being included in the Settlement?** |
|---|

Yes. Specifically excluded from the Settlement Class are Geisinger's and Nuance's officers and directors, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity related to the Data Incident or who pleads nolo contendere to any such charge.

<u>THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY</u>

| **7. What does the Settlement provide?** |
|---|

Defendants will create a Settlement Fund of $5,000,000.00, which will be used to pay for (i) reasonable Notice and Claims Administration Costs incurred pursuant to the Settlement Agreement as approved by the Parties and approved by the Court; (ii) any taxes owed by the Settlement Fund; (iii) any Service Awards approved by the Court; (iv) any attorneys' fees, costs, and expenses as approved by the Court; and (v) any benefits to Settlement Class Members, pursuant to the terms and conditions of the Settlement.

Settlement Class Members are eligible to make a claim for one year of Credit/Medical Monitoring and Identity Theft Protection Services, and **one** of the following cash Settlement Payments:

- Pro rata Alternative Cash Payments in amounts to be determined in accordance with the terms of the Settlement; or
- Cash Payments of up to $5,000 for reimbursement of certain documented Out-of-Pocket Losses.

The benefits to Settlement Class Members are explained below:

**Credit/Medical Monitoring and Identity Theft Protection Services:** Settlement Class Members are eligible to receive one year of Credit/Medical Monitoring and Identity Theft Protection Services, free of charge. The Credit/Medical Monitoring and Identity Theft Protection Services will have the following features, at minimum:

a. Real time monitoring of the credit file at all three major credit bureaus;
b. Identity theft insurance (no deductible) of $1,000,000;
c. Dark web monitoring;

d. Medical record monitoring;
e. Health insurance plan number monitoring;
f. Medical beneficiary identifier monitoring;
g. Health savings account monitoring; and
h. Access to fraud resolution agents to help resolve identity theft.

**Reimbursement for Out-of-Pocket Losses**

Settlement Class Members may submit a claim for up to Five Thousand Dollars and No Cents ($5,000.00) per individual for documented Out-of-Pocket Losses. To receive reimbursement for Out-of-Pocket Losses, the Out-of-Pocket Loss must: (i) be an actual, documented, and unreimbursed monetary loss; (ii) be more likely than not caused by the Data Incident; and (iii) have occurred between November 29, 2023, and the close of the Claims Period. Compensation for lost time requires only an attestation that any claimed lost time was spent related to the Data Incident. The categories of reimbursable out-of-pocket losses include, but are not limited to:

a. Unreimbursed fraud;
b. Long-distance telephone charges;
c. Cell phone minutes (if charged by the minute);
d. Internet usage charges (if charged by the minute or incurred solely as a result of the Data Incident);
e. Credit monitoring or fraud resolution services purchased after the Data Incident;
f. Costs of credit reports;
g. Bank or other financial institution charges incurred as a result of the Data Incident; and
h. Other losses reasonably incurred as a result of the Data Incident.

**Alternative Cash Payment:** As an alternative to a claim for Reimbursement for Out-of-Pocket Losses (described below), Settlement Class Members may submit a claim to receive a pro rata cash payment from the Settlement Fund ("Alternative Cash Payment"). The amount of the Alternative Cash Payment will be calculated in accordance with the Settlement Agreement, which provides for a distribution of the Settlement Fund to first cover other costs and then distribute the remaining funds evenly amongst Settlement Class Members who elected to receive an Alternative Cash Payment.

<u>**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM**</u>

| **8. How do I get benefits from the Settlement?** |
| --- |

To ask for a payment, you must complete and submit a Claim Form. Claim Forms are available at www.xxxxxxxxxxx.com, where you may also submit your Claim Form online. You may also request one by mail by calling 1-XXX-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and either submit it online or mail it postmarked no later than **Month Day, 2025** to:

Geisinger Health Data Incident Settlement Administrator
PO Box XXXXX
[city, state, ZIP]

3

**9. How will claims be decided?**

The Settlement Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Settlement Administrator may require additional information from any Claimant. If the required information is not timely provided, the claim will be considered invalid and will not be paid.

Additional information regarding the claims process can be found in Section VI of the Settlement Agreement, available at www.xxxxxxxxxx.com.

**10. When will I get my payment?**

The Court has scheduled a Final Approval Hearing at __:_0_.m. on Month ____, 2025 (though this date may change), to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.

REMAINING IN THE SETTLEMENT

**11. Do I need to do anything to remain in the Settlement?**

You do not have to do anything to remain in the Settlement, but if you want a payment or credit monitoring services you must submit a Claim Form postmarked or submitted online by **Month Day, 2025**.

**12. What am I giving up as part of the Settlement?**

If the Settlement becomes final, you will give up your right to sue Defendants for the claims being resolved by this Settlement. The specific claims you are giving up against Defendants are described in Section XV of the Settlement Agreement. You will be "releasing" Defendants and all related people or entities as described in Section XV of the Settlement Agreement. The Settlement Agreement is available at www.xxxxxxxxxx.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions about what this means you can talk to the attorneys listed in Question 16 for free or you can talk to your own lawyer at your own expense.

EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue Defendants about issues in the Lawsuit, then you must take steps to get out of the Settlement Class. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class.

4

## 13. If I exclude myself can I still get payment from the Settlement?

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

## 14. If I do not exclude myself can I sue Defendants for the same thing later?

No. Unless you exclude yourself from the Settlement, you give up any right to sue Defendants for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement. Your letter must (a) state your full name, address, and telephone number; (b) contain your personal and original signature (or the original signature of a person authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on your behalf with respect to a claim or right such as those in the Litigation); and (c) state unequivocally your intent to be excluded from the Settlement Class and from the Settlement. You must mail your exclusion request postmarked no later than Month Day, 2025 to:

Geisinger Health Data Incident Settlement Administrator
PO Box XXXXX
[city, state, ZIP]

#### THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

Yes. The Court appointed Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees not to exceed $1,666,666.67, in addition to reasonable costs and expenses incurred in prosecuting the litigation. Class Counsel will also request approval of service awards of $2,000.00 each for the Class Representatives.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **18. How do I tell the Court that I do not like the Settlement?** |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail copies to Class Counsel and Defendant's Counsel a written notice stating that you object to the Settlement.

Your objection must:

     i.    identify the case name and number;

     ii.   state your full name, current address, and telephone number;

    iii.   contain your original signature;

    iv.   state that you object to the Settlement, in whole or in part;

     v.   set forth a statement of the legal and factual basis for the Objection; and

    vi.   provide copies of any documents that you wish to submit in support of your position;

Your objection must also indicate whether you or your counsel have filed an objection to a class action settlement within the past three years, and if so, the case names and dockets of any such case.

Your objection must be filed with the Clerk for the Middle District of Pennsylvania, 240 West Third Street, Suite 218, Williamsport, PA 17701, and served upon Class Counsel and Defendant's Counsel at the addresses below no later than **Month Day, 2025**.

| CLASS COUNSEL | GEISINGER'S COUNSEL | NUANCE'S COUNSEL |
| --- | --- | --- |
| Ben Barnow<br>Barnow and Associates, P.C.<br>205 W. Randolph St., Ste. 1630<br>Chicago, IL 60606<br><br>Benjamin F. Johns<br>SHUB JOHNS & HOLBROOK LLP<br>200 Barr Harbor Dr., Suite 400<br>Conshohocken, PA 19428 | Max E. Kaplan<br>COZEN O'CONNOR<br>1650 Market Street<br>Suite 2800<br>Philadelphia, PA 19103 | Ezra D. Church<br>Su Jin Kim<br>MORGAN, LEWIS & BOCKIUS LLP<br>2222 Market Street<br>Philadelphia, PA 19103 |

| 19. What is the difference between objecting to and excluding myself from the Settlement? |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

| 20. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Final Approval Hearing at :_0_.m. on Month Day, 2025, in the United States District Court for the Middle District of Pennsylvania, 240 West Third Street, Suite 218, Williamsport, PA 17701. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 18). The Court will also decide whether to approve fees, expenses, and reasonable litigation costs to Class Counsel, and the Service Awards to the Class Representatives.

| 21. Do I have to come to the Final Approval Hearing? |
| --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

| 22. May I speak at the Final Approval Hearing? |
| --- |

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 18 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

| 23. What happens if I do nothing? |
| --- |

If you do nothing, you will not receive any compensation from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Release. This

means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or related parties about the issues involved in the Lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

### GETTING MORE INFORMATION

| **24. Are more details about the Settlement available?** |
| --- |

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www.xxxxxxxxx.com, or by writing to the Geisinger Health Data Incident Settlement Administrator, P.O. Box XX, [Location].

| **25. How do I get more information?** |
| --- |

Go to www.xxxxxxxxxx.com, call 1 _____, or write to the Geisinger Health Data Incident Settlement Administrator, P.O. Box XX, [Location]

***Please do not call the Court or the Clerk of the Court for additional information.***
***They cannot answer any questions regarding the Settlement or the Lawsuit.***

# *Exhibit "C"*

Geisinger Health Data Incident Settlement
c/o Kroll Settlement Administration LLC
P.O. Box _____
New York, NY 10150-XXXX

First-Class
Mail
US Postage
Paid
Permit #__

*In re Geisinger Health Data Security*
*Incident Litigation*
Case No. 4:24-CV-01071
U.S. District Court for the M.D. of Pennsylvania

«Barcode»

Postal Service: Please do not mark barcode

Unique Claim ID: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

> **IF YOU WERE IMPACTED BY THE**
> **NOVEMBER 29, 2023 GEISINGER HEALTH**
> **DATA INCIDENT, A PROPOSED CLASS ACTION**
> **SETTLEMENT MAY AFFECT YOUR RIGHTS,**
> **AND ENTITLE YOU TO BENEFITS**
> **AND A CASH PAYMENT.**

For more information about the proposed class action settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www.[SettlementWebsite].com or call toll-free **(XXX) XXX-XXXX**

*A court has authorized this Notice. This is not a solicitation from a lawyer. You are not being sued.*

### Why am I receiving this notice?

A Settlement has been reached with Geisinger Health ("Geisinger") and Nuance Communications, Inc. ("Nuance") in a class action lawsuit. The case is about the November 29, 2023, data security incident (the "Data Incident"), during which files containing personally identifiable information or personal health information of Geisinger's patients were accessed. Defendants deny that they did anything wrong. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at www.[SettlementWebsite].com.

### Who is included in the Settlement?

The Court has defined the Settlement Class as all persons in the United States whose personally identifiable information or personal health information was compromised in the Data Incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger, including all persons who were sent a notice of this Data Incident.

The Court has appointed experienced attorneys to represent the Settlement Class.

### What are the Settlement benefits?

All Class Members can enroll in one (1) year of Identity Protection and Credit/Medical Monitoring services. All Class Members can *also* claim one of the following **cash payment** options: (1) if you have documented losses you can receive up to **$5,000** for out-of-pocket losses; *or* (2) you can claim an alternative cash payment, the amount of which will depend on the number of claims submitted.

### How do I receive a benefit?

To claim credit monitoring services, or cash payment for documented losses, or the alternative cash payment, simply complete the attached Claim Form, tear at perforation, and return by U.S. Mail. Postage is already paid. To submit a claim for out-of-pocket losses, visit **www.[SettlementWebsite].com** or call **(XXX) XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

### What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Defendants for the claims made in this lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an Objection by **[Objection Deadline]**. The Settlement Agreement, available at **www.[SettlementWebsite].com**, explains how to exclude yourself or object.

### When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at [ADDRESS], to consider whether to approve the Settlement. The Court will also consider Class Counsel's reque
reimb
Expen
Plainti

**THIS NOTICE IS ONLY A SUMMARY.**
**VISIT WWW.[SETTLEMENTWEBSITE].COM**
**OR SCAN THIS QR CODE**
**FOR COMPLETE INFORMATION OR TO UPDATE**
**YOUR ADDRESS.**

You may attend the hearing at your own cost but you do not have to.



## BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA CA

POSTAGE WILL BE PAID BY ADDRESSEE



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**Geisinger Health Data Incident Settlement**
**c/o Kroll Settlement Administration LLC**
**P.O. Box [PO Box Number]**
**New York, NY 10150-XXXX**

**Geisinger Health Data Incident Settlement**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by*
*U.S. Mail no later than **[Claims Deadline]**.*

Unique ID: 《LoginID》
PIN: 《PIN》

<u>Note</u>: Claims for reimbursement of out-of-pocket losses require
supporting documentation and must be submitted online at
www.SettlementWebsite.com or mailed to the Settlement
Administration with a separate Claim Form.)

☐ Check this box to enroll in Credit/Medical Monitoring and Identity Theft Protection services.

☐ Check this box to claim an Alternative Cash Payment.

To receive the alternative cash payment from this Settlement via an  electronic payment, you must submit a
Claim Form electronically at **www.website.com** by **DATE** *You must notify the Settlement Administrator if
your contact information is different
from what is shown above, or changes after you submit this form.*

# *Exhibit "D"*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| *In re Geisinger Health Data Security Incident Litigation* | Case No. 4:24-CV-01071-MWB |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in support of the Motion, the Settlement Agreement ("Settlement Agreement") between Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski ("Plaintiffs") and Defendants Geisinger Health ("Geisinger"), and Nuance Communications, Inc. ("Nuance" and, collectively with Geisinger, "Defendants"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.     Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

**Settlement Class Certification**

2.      The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class, which consists of:

> All persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger, including all persons who were sent a notice of this data incident.

Geisinger's and Nuance's officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity related to the Data Incident or who pleads *nolo contendere* to any such charge.

3.      For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure 23(a)—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.

a.  The members of the class are too numerous for their joinder to be practicable. There are approximately 1,308,363 Settlement Class Members.

b.  Questions of law and fact common to the Settlement Class predominate over individualized questions.

c.  Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of all other Settlement Class Members. Proposed Class Counsel—Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP—have experience and expertise prosecuting class actions and have committed the necessary resources to represent the Settlement Class.

d.  A class action is a superior method for the fair and efficient resolution of this matter.

4.    The Court further finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) have been met for the reasons stated in Plaintiffs' Motion, in that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3

## **Preliminary Approval of Settlement**

5.    The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate. There is good cause to find that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel.

6.    For settlement purposes only, Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski are appointed as Class Representatives.

7.    For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Ben Barnow
> BARNOW AND ASSOCIATES, P.C.
> 205 W. Randolph St., Suite 1630
> Chicago, Illinois 60606
>
> Benjamin F. Johns
> SHUB JOHNS & HOLBROOK LLP
> 200 Barr Harbor Dr., Suite 400
> Conshohocken, PA 19428

## **Manner and Form of Notice**

8.    The Court approves, in form and content, the Postcard and Long-Form Notices, attached to the Settlement Agreement as Exhibits C and B, respectively, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and satisfy due process.

9.     The Court finds that the planned notice set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2) and constitutes the best notice practicable under the circumstances, where Class Members' identities are contained in Defendants' records and may be readily ascertained, satisfying fully the requirements of due process, and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10.     Kroll Settlement Administration LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

11.     The Settlement Administrator may proceed with the distribution of the Notices as set forth in the Settlement Agreement.

12.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notices no later than 90 days after the Notice

Date. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

13.     All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form and/or be electronically submitted to the Settlement Administrator via the Settlement Website postmarked no later than no later than 90 days after the Notice Date. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

14.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Class Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or other proceedings against Defendants or the Released Persons relating to the claims released under the terms of the Settlement Agreement.

15.     Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as Service Awards for the Class Representatives, in accordance with the terms of the Settlement Agreement, no later than 14 days prior to the Opt-Out and Objection Deadline.

16. The Court approves of Cybercrime Support Network as the Non-Profit Residual Recipient of the Settlement Agreement. After all payments and distributions are made pursuant to the terms and conditions of the Settlement Agreement, the Settlement Administrator should distribute all residual funds to Cybercrime Support Network.

## Exclusions from the Settlement Class

17. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Class Notice in written form, by first class mail, postage prepaid, and postmarked, no later than 60 days after the Notice Date.

18. In order to exercise the right to be excluded, a person within the Settlement Class must timely submit via first class mail a written request for exclusion to the Settlement Administrator (a) stating his or her full name, address, and telephone number; (b) containing the Settlement Class Member's personal and original signature; and (c) stating unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class and from the Settlement. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

19.    Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

## Objections to the Settlement

20.    Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Awards to the Class Representatives, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in this Order, with the Clerk of the Court, and served upon Class Counsel, Geisinger's Counsel, and Nuance's Counsel no later than 60 days after the Notice Date. Addresses for Class Counsel, Geisinger's Counsel, and Nuance's Counsel are as follows:

| CLASS COUNSEL | GEISINGER'S COUNSEL | NUANCE'S COUNSEL |
|---|---|---|
| Ben Barnow<br>Barnow and Associates, P.C.<br>205 W. Randolph St., Ste. 1630<br>Chicago, IL 60606<br><br>Benjamin F. Johns | Max E. Kaplan<br>COZEN O'CONNOR<br>1650 Market Street<br>Suite 2800<br>Philadelphia, PA<br>19103 | Ezra D. Church<br>Su Jin Kim<br>MORGAN, LEWIS &<br>BOCKIUS LLP<br>2222 Market Street<br>Philadelphia, PA 19103 |

| SHUB JOHNS & HOLBROOK LLP<br>200 Barr Harbor Dr., Suite 400<br>Conshohocken, PA 19428 | | |
|---|---|---|

21.     Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objections, and must also: (i) include the case name and number; (ii) set forth the Settlement Class Member's full name, current address, and telephone number; (iii) contain the Settlement Class Member's original signature; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. The Objection must indicate whether the objector or his/her counsel have filed an objection to a class action settlement within the past three years, and if so, the case names and dockets of any such case. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of

attorneys' fees, costs, and expenses, to the payment of the Service Awards, and to the Final Approval Order and the right to appeal same.

22.    A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's fee, cost, and expense application and/or the request for a Service Awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel and must also identify the attorney(s) representing the objecting Settlement Class Member, the attorney who will appear at the Final Approval Hearing, if any, and include the attorney(s) name, address, phone number, e-mail address, state and federal bar(s) to which said counsel is admitted, as well as associated bar numbers. An objecting Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

10

23.    No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## Final Approval Hearing

24.    All papers in support of the Final Approval of the Settlement shall be filed at least 14 days prior to the Final Approval Hearing.

25.    Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Class Claims against any of the Released Persons.

26.    A Final Approval Hearing shall be held before the Court on _____, at _____ _.m., before Judge Matthew W. Brann, U.S. District Court for the Middle District of Pennsylvania, Herman T. Schneebeli Federal Building & U.S. Courthouse, 240 West Third Street, Williamsport, PA 17701 (or at

11

such other time and location as the Court may without further notice direct) for the following purposes:

    a. to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

    b. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to determine whether the judgment as provided under the Settlement Agreement should be entered;

    d. to consider the application for an award of attorneys' fees, costs, and expenses to Class Counsel;

    e. to consider the application for Service Awards to the Class Representatives;

    f. to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

    g. to rule upon such other matters as the Court may deem appropriate.

27. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving

the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

28.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## **Temporary Stay**

29.    All discovery, pending motions, and other proceedings in the Litigation as between Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

## **Termination of the Settlement**

30.    If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, the Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## **Upcoming Deadlines**

31.    For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| EVENT | DATE |
|---|---|
| Defendants to provide the Class Member Information to Settlement Administrator | 7 Days after entry of Preliminary Approval Order |
| Notice Date | 30 Days after entry of the Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and the Service Awards for Class Representatives | 14 Days prior to Opt-Out and Objection Deadline |
| Opt-Out and Objection Deadlines | 60 Days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 Days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 Days prior to Final Approval Hearing |
| Final Approval Hearing | At least 110 Days after the entry of this Order |

**IT IS SO ORDERED.**

ENTERED: _____

_____
Hon. Matthew W. Brann
Chief District Court Judge

# *Exhibit "E"*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*In re Geisinger Health Data Security Incident Litigation*

Case No. 4:24-CV-01071-MWB

## [PROPOSED] FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT

This matter coming to be heard on Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3.      This Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated [INSERT], and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4.     The Court has read and considered the papers filed in support of this Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5.     Based on the papers filed with the Court, the Court now gives Final Approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arm's-length negotiations presided over by a neutral mediator, further support this finding.

6.     Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class consists of:

> All persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger, including all persons who were sent a notice of this data incident.

Geisinger's and Nuance's officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal

law of perpetrating, aiding or abetting the criminal activity related to the Data Incident or who pleads *nolo contendere* to any such charge.

7.    For settlement purposes only, the Court confirms Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski as Class Representatives and finds that they are adequate representatives of the Settlement Class.

8.    For settlement purposes only, the Court confirms following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Ben Barnow
> BARNOW AND ASSOCIATES, P.C.
> 205 W. Randolph St., Suite 1630
> Chicago, Illinois 60606
>
> Benjamin F. Johns
> SHUB JOHNS & HOLBROOK LLP
> 200 Barr Harbor Dr., Suite 400
> Conshohocken, PA 19428

9.    With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is too numerous for their joinder to be practicable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately

protect, the interests of the Settlement Class; and (d) certification of the Settlement

Class is an appropriate method for the fair and efficient adjudication of this

Litigation.

10.    The Court further finds, for settlement purposes only, that the

requirements of Federal Rule of Civil Procedure 23(b)(3) have been met, in that the

questions of law or fact common to class members predominate over any questions

affecting only individual members and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy.

11.    The Court has determined that the Notice given to the Settlement Class

Members in accordance with the Preliminary Approval Order fully and accurately

informed Settlement Class Members of all material terms of the Settlement and

constituted the best notice practicable under the circumstances, and fully satisfied

the requirements of Federal Rule of Civil Procedure 23(c)(2), applicable law, and

the due process clauses of the U.S. Constitution.

12.    The Court orders the Parties to the Settlement Agreement to perform

their obligations thereunder. The terms of the Settlement Agreement shall be deemed

incorporated herein as if explicitly set forth and shall have the full force of an order

of this Court.

13.    The Court dismisses the Litigation with prejudice and without costs

(except as otherwise provided herein and in the Settlement Agreement) as to

Plaintiffs' and all Settlement Class Members' claims against the Released Persons. The Court adjudges that Plaintiffs' Released Claims and the Released Class Claims and all of the claims described in the Settlement Agreement are released against the Released Persons.

14.     The Court adjudges that the Plaintiffs and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims and Released Class Claims against the Released Persons, as set forth in the Settlement Agreement.

15.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of Plaintiffs' Released Claims and the Released Class Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings related to Plaintiffs' Released Claims or the Released Class Claims maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives, and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Persons may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against

them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The persons listed on **Exhibit 1**, attached hereto and incorporated by this reference, submitted timely and proper requests for exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Final Order.

17.     Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of Plaintiffs' Released Claims or the Released Class Claims or any of the claims described in the Settlement Agreement against the Released Parties.

18.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement

provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arm's-length without collusion, and that the negotiation of attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

19.    The Court approves the Service Awards in the amount of $_____ each for the Class Representatives Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski, and specifically finds such amount to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20.    Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Persons of any fault, omission, liability, or wrongdoing, or of the validity of any of Plaintiffs' Released Claims or the Released Class Claims as set forth in the Settlement Agreement. This Final Order and Judgment is not a finding

of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendants or any of the other Released Persons. The Final Approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, Settlement Class Members, or Defendants.

21.    _____ objections were filed by Settlement Class Members in this matter. The Court has considered all objections in their entirety and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

22.    The Court appoints Cybercrime Support Network as the Non-Profit Residual Recipient of the Settlement Agreement. After all payments and distributions are made pursuant to the terms and conditions of the Settlement Agreement, the Settlement Administrator should distribute all residual funds to Cybercrime Support Network.

23.    The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Order and Judgment and do not limit the rights of the Settlement Class Members.

24.     Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: _____      _____
                                                            Hon. Matthew W. Brann
                                                            Chief District Court Judge