# *Exhibit "2"*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re Geisinger Health Data Security Incident Litigation* | Case No. 4:24-cv-01071-MWB |

**JOINT COUNSEL DECLARATION IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
<u>ACTION SETTLEMENT</u>**

Interim Co-Lead Class Counsel Benjamin F. Johns and Ben Barnow, jointly declare as follows:

1.       Ben Barnow, a partner at Barnow and Associates, P.C. ("BA"), and Benjamin F. Johns, a partner at Shub Johns & Holbrook LLP ("SJH") represent the Plaintiffs. This Declaration is submitted in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement filed contemporaneously herewith. We make the following declaration based upon our personal knowledge and, where indicated, based on information and belief. The executed Settlement Agreement ("SA") is attached to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement as **Exhibit 1**. If called upon as witnesses, we could and would competently testify as follows:

<u>**Summary of the Litigation**</u>

2.       This case relates to a Data Incident experienced by Geisinger on November 29, 2023. During the Data Incident, an unauthorized third-party gained access to Geisinger's patient records and accessed and stole certain files containing

the PII/PHI of Plaintiffs and Settlement Class Members. The information impacted may have included the data of approximately 1,262,618 individuals, of which a substantial majority are patients. The compromised data included names, birthdates, addresses, admission, discharge or transfer codes, medical record numbers, race, gender, phone numbers, and care location information.

3.    Beginning in June of 2024, several putative class actions were filed in this Court on behalf of persons whose information was compromised as part of the Data Incident. The Court entered an order on July 31, 2024, consolidating these cases under the case caption, *In re: Geisinger Health Data Security Incident Litigation.* On January 30, 2025, the Court entered an order appointing us as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g). ECF No. 43.

4.    On March 17, 2025, Plaintiffs filed the operative Consolidated Amended Complaint. ECF No. 44.

5.    Throughout this time, the Parties discussed the possibility of mediating the case with Hon. Diane M. Welsh (Ret.) of JAMS. The parties submitted a stipulation to stay the case pending mediation on March 20, 2025 (ECF No. 45), which was approved by the Court on March 24, 2025 (ECF No. 46).

## The Mediation and Settlement Negotiations

6.    On June 30, 2025, the Parties took part in a mediation in Philadelphia, Pennsylvania with Ms. Welsh. Ms. Welsh is an experienced mediator in national

data breach litigation, with a track record of successful mediations leading to court-approved settlements.

7.     In anticipation of the mediation, Plaintiffs served Geisinger and Nuance with numerous requests for documents and information relevant to the Data Incident. The Parties also prepared for mediation by laying out their respective positions in the litigation—including with respect to the merits, class certification, damages, and settlement—in details mediation statements that they exchanged with each other and provided to the mediator. In the weeks prior to the mediation, the Parties maintained an open dialogue concerning a potential settlement. Plaintiffs also provided Geisinger with an opening settlement demand.

8.     Throughout the mediation, we zealously advanced the Plaintiffs' and Class Members' positions. We were fully prepared to proceed with the litigation rather than accept a settlement that was not in the best interests of the Class. At all times, the negotiations were at arm's length.

9.     The mediation session was hard-fought and productive. With Ms. Welsh's assistance, by the end of the day the Parties reached an agreement in principle to settle the case.

10.     The Parties thereafter spent significant amounts of time revising drafts and negotiating details of the final written Settlement Agreement that is now presented to the Court for approval.

11.    The proposed Settlement is the product of significant investigation of Plaintiffs' and Class Members' claims. Co-counsel for Plaintiffs conducted extensive and lengthy interviews of Plaintiffs and other Class Members, reviewed the Plaintiffs' documentation regarding the Data Incident, and analyzed the applicable laws of Pennsylvania regarding breaches of customers' Private Information. Moreover, prior to and during the mediation, Defendants' counsel provided additional details and facts surrounding the Data Incident, and events leading up to—and following—the Data Incident.

### **The Settlement**

12.    The Proposed Settlement Class is defined as:

> All persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger (i.e., the Data Incident, as previously defined), including all persons who were sent a notice of this data incident. Geisinger's and Nuance's officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation and to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

SA ¶ 13(nn). The Settlement Class contains approximately 1,308,363 Class Members.

13.    In exchange for the Settlement Benefits provided for under the Settlement Agreement, Class Members will release any and all claims (i.e., the Released Claims) against Geisinger and Nuance and its Released Persons as set forth in the Settlement Agreement. *Id.* ¶¶ 93, 94.

14.    All Class Members may submit a Claim Form for either a documented Out-of-Pocket Loss or an Alternative Cash Payment (but not both). SA ¶¶ 27, 28. A summary of these benefits is as follows:

(a)    Out-of-Pocket Losses. As an alternative to the Cash Fund Payment (defined below), Class Members may submit a claim for a Settlement Payment of up to $5,000.00 per Class Member for reimbursement in the form of a documented Out-of-Pocket Loss.

(b)    Alternative Cash Payment. As an alternative to the Out-of-Pocket Loss, Class Members may submit a claim to receive a *pro rata* Settlement Payment in cash (i.e., the Alternative Cash Payment). *Id.*

(c)    In addition to submitting a claim for Out-of-Pocket Losses or an Alternative Cash Payment, Settlement Class Members may also elect to enroll in Credit/Medical Monitoring and Identity Theft Protection Services. All Settlement Class Members shall be eligible to enroll in one (1) year of three-bureau Credit/Medical Monitoring and Identity Theft Protection Services, regardless of whether the Settlement Class Member submits a claim for

reimbursement of Out-of-Pocket Losses or an Alternative Cash Payment. Settlement Class Members who submit a claim for an Out-of-Pocket Loss that is deficient and that cannot be cured after a reasonable opportunity will have their claim deemed one for an Alternative Cash Fund Payment (rather than the claim being denied outright). *Id.* ¶ 29.

15.     The monetary settlement here results in a payment of approximately $5,000,000.00 into a non-reversionary Settlement Fund (*id.* ¶ 16) that will be used to pay for Administrative Expenses, any Fee Award and Costs, any Service Awards, and taxes (*id*. ¶ 19). The remaining amount, i.e., the Net Settlement Fund, will be used to pay for Approved Claims submitted by Class Members for Settlement Benefits. *Id* ¶ 41(a)(b).

**Notice Plan and Settlement Administration**

16.     The Parties have selected Kroll Settlement Administration LLC ("Kroll") to be the Settlement Administrator through a competitive bidding process. SA ¶ Kroll is a nationally recognized settlement administration company that has handled dozens of similar data breach settlements across the country. All costs of the Notice and Settlement Administrator will be deducted from the Settlement Fund. SA ¶ 30. The Notice Plan provides for individual Notice to Class Members by the Settlement Administrator by direct mail—the same way Class Members were initially notified of the Data Incident. *Id.* ¶ 48-49.

17.    The Long Form Notice describes the terms of the Settlement, including requests for Service Awards for the Class Representatives and attorneys' Fee Award and Costs; informs Class Members about their right to object to the Settlement (and how to do so); provides the date, time, and place of the Final Approval hearing and the procedures for appearing at the hearing; and provides contact information for Class Counsel and the Settlement Administrator. The Long Form Notice is attached to the Settlement Agreement as **Exhibit B**.

18.    The Settlement Administrator will also establish a dedicated Settlement Website that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines, and related information. SA ¶¶ 54, 6.7.

19.    The Settlement Website shall include relevant documents, including the following: (i) the Long Form Notice; (ii) the Claim Form, which will be available to download or submit electronically; (iii) this Settlement Agreement; (iv) the Preliminary Approval Order; (v) the operative Consolidated Class Action Complaint, filed in the Action before this Court; (vi) the motion for a Fee Award and Costs and Service Awards after it is filed; and (vii) any other materials agreed upon by the Parties and/or required by the Court. Class Members will be able to submit Claim Forms through the Settlement Website. SA ¶ 55.

20.    The Settlement Administrator will also create a toll-free help line so Class Members can obtain additional Settlement information. SA ¶ 6.7; Decl. ¶ 7(c).

21.    Class Members will have 90 days after the notice is issued to complete and submit their Claim Form to the Settlement Administrator, either by mail or online. SA ¶ 13(a), 42. The Claim Form is written in plain language to facilitate Class Members' ease in completing it.

22.    The Settlement Administrator will be responsible for reviewing the Claim Forms and determining if they are complete and valid. SA ¶ 37. Should a claim be incomplete or defective, the Settlement Administrator shall request additional information and give the claimant 21 days to cure the defect. *Id.* ¶ 38.

23.    When a Class Member files a claim for an Out-of-Pocket Loss that is rejected, and the Class Member fails to cure that claim, the claim instead will be considered as a claim for an Alternative Cash Payment. *Id.*

24.    Class Members will have 60 days from the Notice Date to opt-out or to submit a request for exclusion from the Settlement. SA ¶ 13(z). For a Class Members submit a Request for Exclusion to the Settlement, he or she must strictly comply with the requirements of the Settlement Agreement. *Id.* ¶ 63.

25.    Any Class Member who wishes to object shall submit a timely written notice of his or her objection by the Objection Deadline which, like the Opt-Out Period, is sixty (60) days following the Notice Date. SA ¶¶ 13(y), 66, 68.

### Proposed Class Representative Service Awards and Attorneys' Fees

26.    Plaintiffs have been dedicated and active participants on behalf of the

Class they seek to represent. Plaintiffs actively assisted their counsel with their investigation. Plaintiffs sat through multiple interviews and provided supporting documentation and personal information throughout the process. Plaintiffs reviewed the complaints and the terms of the Settlement and communicated with their counsel regarding the Settlement.

27.    Plaintiffs put their names and reputations on the line for the sake of the Class, and the recovery would not have been possible without their efforts.

28.    Plaintiffs' Counsel kept in close contact with Plaintiffs during the litigation through numerous emails and personal telephone calls. Plaintiffs here have been vital in litigating this matter, have been personally involved in the case, and support the Settlement.

29.    Class Counsel will request a $2,000 service award to each Named Plaintiff in recognition of the time, effort, and expense they incurred in pursuing claims benefiting the Settlement Class. *Id.* ¶ 73.

30.    Plaintiffs' Counsel have also devoted substantial resources to the prosecution of this action by investigating Plaintiffs' claims and that of the Settlement Class, including: obtaining, reviewing and analyzing Plaintiffs' detailed personal records; analyzing Geisinger's and Nuance's records, privacy policies, and any remedial steps; analyzing the scope and number of persons impacted by the Data Incident; analyzing Geisinger's and Nuance's financial condition; participating in

mediation; and, ultimately, negotiating a settlement that provides meaningful relief for the Settlement Class, despite the substantial litigation risks that were present.

31.    Plaintiffs request that the Court appoint us – Mr. Barnow and Mr. Johns – as Settlement Class Counsel for the Settlement Class. We are experienced and respected class action litigators with significant experience in data breach cases. As noted above, the Court previously appointed us as Interim Co-Lead Counsel on January 30, 2025. ECF No. 43. A copy of the BA and SJH firm resumes are attached to this Declaration as **Exhibits A** and **B**.

32.    As part of the Settlement, Plaintiffs will separately file a motion for an award of attorneys' fees and reimbursement of litigation costs and Plaintiffs' counsel intends to request up to 33.33% of the Settlement Fund ($1,666,666.67), consistent with attorneys' fee awards and percentage for such awards under Pennsylvania and Third Circuit law. Co-counsel for Plaintiffs did not broach the topic of attorneys' fees until after agreeing on substantive settlement terms with Geisinger and Nuance. SA ¶ 72. They will also seek to recover their reasonable costs and expenses incurred in prosecuting the litigation. *Id.*

33.    Any approved Fee Award and Costs will be paid out of the Settlement Fund. *Id.* The Settlement is not conditioned upon the Court's award of any attorneys' fees or expenses. *Id.* Plaintiffs will file a motion for a Fee Award and Costs (and Service Awards) no later than 14 days prior to the Objection Deadline (*Id.* ¶ 74) and

will post the same on the Settlement Website so that the motion may be easily accessed by Class Members.

34.    The Plaintiffs and all Plaintiffs' Counsel recommend preliminary approval of the Settlement because it is well within the range of possible approval, represents a fair, reasonable, and adequate settlement, and is in the best interests of the Settlement Class. This recommendation is based upon the information reviewed and gathered in the lead up to and at the mediation, proposed Class Counsel's independent investigation of the relevant facts and applicable law, and counsels' broad experience with other data breach cases.

35.    The immediate benefits that the Settlement provides stand in contrast to the risks, uncertainties, and delays of continued litigation. Co-counsel for Plaintiffs thoroughly assessed those contingencies in considering the terms of the Settlement.

36.    There is no side agreement among the Parties outside of the Settlement Agreement.

37.    A proposed order granting the relief requested in Plaintiffs' Motion is submitted as an attachment to the filed motion.

We declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of September 2025.


_/s/ Ben Barnow_____          _/s/ Benjamin F. Johns_____
Ben Barnow (admitted *pro hac vice)*      Benjamin F. Johns (PA I.D. # 201373)
**BARNOW AND ASSOCIATES,**                **SHUB JOHNS & HOLBROOK LLP**
**P.C.**

# *Exhibit "A"*

# BEN BARNOW

## BARNOW AND ASSOCIATES
### *a professional corporation*
### ATTORNEYS AT LAW

Ben Barnow is nationally recognized for his experience in leading some of the nation's largest class actions. In that capacity, he has successfully led the prosecution of a number of large-scale class actions relating to consumer data security breaches, consumer protection issues, and antitrust violations. He has been appointed to and served in leadership positions in cases throughout the nation, in both state and federal courts, including MDL proceedings. His efforts have delivered resolutions in numerous significant cases, including cases against America Online, DaimlerChrysler, McDonald's, Microsoft, Shell Oil, Sony, TJX, and Toyota.

Ben Barnow graduated from the University of Wisconsin in 1966 with a Bachelor's degree in Business Administration. He received his Juris Doctor from the University of Michigan Law School in 1969. He is licensed to practice in the State of Illinois and the State of New York. Mr. Barnow is also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the First, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits, the United States District Court for the Northern District of Illinois, the Central District of Illinois, the District of Colorado, the Eastern District of Wisconsin, the Western District of Wisconsin, and the Eastern District of Michigan. He is a member of the American Bar Association, the American Association for Justice, the Illinois State Bar Association, and the Chicago Bar Association. He has also served as a member of the Panel of Arbitrators of the American Arbitration Association. He is listed in Martindale-Hubbell with an AV rating.

During his over fifty-year legal career, Ben Barnow has represented both plaintiffs and defendants in many types of litigation and has engaged in significant transactional work. He was General Counsel to one of the world's largest public relations agencies and presided as chairman of certain of its retirement trusts. Ben Barnow was an Associate Professor at Northern Michigan University from 1969–1971, where he taught business law and unfair competition. Mr. Barnow joined the law firm of Herrick, McNeill, McElroy & Peregrine in July, 1971, where he became a partner in 1977.

As part of a series of articles by Law360 featuring notable plaintiff attorneys, Ben Barnow was recognized as a Titan of the Plaintiffs Bar, and Barnow and Associates, P.C. as "a plaintiffs' class action outfit known for winning big-time antitrust and data breach settlements." Sindhu Sundar, Titan of the Plaintiffs Bar: Ben Barnow, Law360 (Oct. 8, 2014), https://www.law360.com/articles/585655/titan- of-the-plaintiffs-bar-ben-barnow (last visited Aug. 16, 2024).

**Selected Cases**

**Data Security Breach Cases**

***In re Afni, Inc. Data Breach Litigation.*** Ben Barnow served as one of Settlement Class Counsel and helped craft a settlement that made available a non-reversionary common fund of $1,850,000 for approximately 261,449 class members. The settlement allowed class members to select between either reimbursement for damages incurred as a result of the data breach and credit monitoring services or alternative cash payments.

***Keefer v. Fulton Bank, N.A.*** Ben Barnow was appointed as Class Counsel with respect to Fulton Bank class members in this class action involving a data breach affecting a class of approximately 111,663 persons. He negotiated a settlement that created a $750,000 non-reversionary common fund, out of which Settlement Class Members could claim certain benefits.

***Lukens v. Utah Imaging Associates, Inc.*** Appointed as one of Settlement Class Counsel, Ben Barnow crafted a settlement that made available a non-reversionary common fund of $2,100,000 for approximately 583,642 class members. The settlement allowed class members to select between either reimbursement for damages incurred as a result of the data breach and credit monitoring services or alternative cash payments.

***Kesner v. UMass Memorial Health Care, Inc.*** Serving as one of Settlement Class Counsel in this class action relating to a data breach that affected the personally identifiable information and personal health information of 209,000 persons, Ben Barnow helped create a fund of $1,200,000 that allowed class members to select between a cash payment or reimbursement for lost expenses and time and credit monitoring services.

***Easter v. Sound Generations.*** Ben Barnow was appointed as class counsel and crafted a settlement that made available cash payments, credit monitoring, and reimbursements for expenses and lost time dealing with the data incident for approximately 600,605 persons. The settlement provided a $100,000 fund for class members whose Social Security numbers were affected in the data breach that was in addition to the other benefits provided under the settlement.

***Kostka v. Dickey's Barbecue Restaurants, Inc.*** Appointed as one of class counsel in this data breach affecting approximately 725,000 Dickey's customers, Ben Barnow helped negotiate a settlement that created a $2,350,000 common fund. The settlement allowed class members to select between a cash payment or credit monitoring services.

***McCullough v. True Health New Mexico, Inc.*** Ben Barnow served as one of Class Counsel in this class action involving a medical data breach affecting a class of over 62,982 persons. Ben Barnow negotiated a settlement that allows class members to claim reimbursements for lost time and expenses that arose as a result of the data breach and obtain two years of credit monitoring and insurance services.

***Cochran v. Kroger Co.*** Ben Barnow took a leading role in this litigation against Kroger involving a data breach of Accellion's File Transfer Appliance affecting a class of Kroger customers and

employees. He was instrumental in negotiating a settlement that made benefits of $5 million available to the settlement class. He was appointed as one of Class Counsel and the Settlement was finally approved.

***Hestrup, et al. v. DuPage Medical Group, Ltd.*** Ben Barnow was appointed as one of Class Counsel in this medical data breach class action. He helped negotiate a settlement establishing a $3 million fund for a class of approximately 655,000 persons. The settlement allowed for class members to select between reimbursement for damages incurred as a result of the data breach and alternative cash payments.

***Lozano v. CodeMetro, Inc.*** Serving as Co-Lead Settlement Class Counsel in a case relating to a data breach of a medical industry business service provider, Ben Barnow secured a settlement making benefits of $850,000 available to the class of approximately 98,700 persons. The plaintiff's claims against the defendant included claims for violations of the California Consumer Privacy Act and the California Confidentiality of Medical Information Act, claims that have only become more important in data breach litigation since.

***In re BJC Healthcare Data Breach Litigation.*** Ben Barnow served as Class Counsel in an action involving a medical data breach affecting a class of over 280,000 persons. Ben Barnow played a central role in negotiating a settlement allowing class members to claim reimbursements for certain expenses that arose as a result of the data breach.

***In re: Zappos.com Inc. Customer Data Security Breach Litigation.*** Ben Barnow was one of Co-Lead Class Counsel and settlement class counsel in this litigation, which resulted in a landmark Ninth Circuit ruling recognizing the Article III standing of consumers harmed by data breaches. He also successfully opposed Zappos' petition for writ of certiorari to the Supreme Court of the United States, where he served as counsel of record for plaintiffs. After many years of litigation, he negotiated a settlement that was granted final approval. The Settlement provided Class Members with CAFA-compliant coupons that were redeemed for over $5 million.

***In Re: Sony Gaming Networks and Customer Data Security Breach Litigation***, **MDL No. 2258.** The Honorable Anthony J. Battaglia appointed Ben Barnow to the Plaintiffs' Steering Committee—a committee of seven firms established to lead the litigation—in this MDL proceeding involving over 60 cases relating to a data security breach that affected approximately 50 million consumers in the United States and Canada. A settlement agreement was entered into and was granted final approval. At the final fairness hearing, Judge Battaglia remarked: "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled. It's been a real pleasure dealing with you."

***In Re: TJX Retail Security Breach Litigation***, **MDL No. 1838.** Ben Barnow served as one of Co-Lead Settlement Class Counsel for the Consumer Track in this MDL proceeding relating to the theft of approximately 45 million credit and debit card numbers used at TJX stores and the personal information of over 454,000 TJX customers. Mr. Barnow took the lead in negotiating a settlement with TJX's attorneys that made available benefits valued at over $200 million to the Class. The Honorable Judge Young granted final approval to the settlement, which he referred to as "excellent," and as containing "innovative" and "groundbreaking" elements.

***In Re: Countrywide Fin. Corp. Customer Data Security Breach Litigation***, **MDL No. 1998.** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this forty-case MDL proceeding relating to a former Countrywide employee's theft and sale of millions of Countrywide customers' private and confidential information. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $650 million available to approximately 17 million Settlement Class Members. In the opinion granting final approval to the settlement, the Honorable Chief Judge Russell noted that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and stated that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process."

***In Re: Heartland Payment Systems Inc., Data Security Breach Litigation***, **MDL No. 2046.** Ben Barnow served as one of Co-Lead Counsel for the Consumer Track in this MDL proceeding relating to what, at the time, was reported as one of the largest data security breaches in history. Mr. Barnow negotiated a settlement on behalf of a Settlement Class that is estimated to include more than 120 million members. Notice of the settlement was completed and only one objection was received. Final approval of the settlement was granted.

***Winstead v. ComplyRight, Inc.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this proceeding relating to the theft of approximately 665,000 individuals' private and confidential information (including Social Security numbers) from ComplyRight, Inc.'s web portal. Mr. Barnow and his Co-Lead Settlement Class Counsel negotiated a settlement that included the creation of a $3,025,000 settlement fund and which allowed Settlement Class members to claim, at their selection, a cash payment, a protection plan option, or reimbursement of up $200 in documented and unreimbursed out-of-pocket expenses incurred as a result of the Data Breach. Final approval of the settlement was granted.

***Lockwood v. Certegy Check Services, Inc.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this consolidated proceeding relating to the theft of approximately 37 million individuals' private and confidential information from Certegy Check Services, Inc.'s computer databases. Mr. Barnow organized all plaintiffs' counsel and pending cases without the benefit of an MDL and negotiated a settlement that was granted final approval, making benefits valued at over $500 million available to Settlement Class Members. At the final fairness hearing, the Honorable Judge Merryday described the settlement as a "good deal," providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled counsel for a protracted time."

***McGann v. Schnuck Markets, Inc.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this proceeding relating to the theft of the credit and debit card information of an estimated 777,000 individuals from point-of-sale terminals at affected Schnucks stores. Mr. Barnow negotiated a settlement that has been granted final approval, making significant benefits available to the Settlement Class.

***Rowe v. Unicare Life and Health Insurance Co.*** Ben Barnow was Lead Counsel in this proceeding relating to the defendants' alleged failure to secure the private health information of

approximately 220,000 individuals enrolled in the defendants' health insurance plans, resulting in such information being accessible to the public via the Internet. Mr. Barnow negotiated a settlement that was granted final approval, making benefits valued at over $20 million available to Settlement Class Members. At the preliminary approval hearing, the Honorable Judge Hibbler described the efforts of the parties as "exemplary."

***Orr v. InterContinental Hotels Group, PLC.*** Ben Barnow was appointed as one of Lead Class Counsel in this payment card data breach litigation. He successfully negotiated a class settlement providing a claim process for Class Members to seek reimbursement for certain expenses or fraudulent and unauthorized charges resulting from the data breach, subject to an aggregate cap of $1.55 million. The settlement was granted final approval.

***Perdue v. Hy-Vee, Inc.*** Ben Barnow served as one of Co-Lead Class Counsel in this payment card data breach case. His work with other Plaintiffs' counsel was instrumental in securing a settlement that made reimbursements available to class members. In addition, the defendant committed no less than $20 million to maintaining data security enhancements.

## Deceptive Trade Practices and Other Consumer Protection Cases

***In re: 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation.*** Ben Barnow was appointed as one of Co-Lead Counsel in this MDL relating to multiple retailers' parmesan cheese labels which advertised the products as "100% Grated Parmesan Cheese" even though the products contained substances other than parmesan cheese. Following the district court's dismissal of plaintiffs' deceptive labeling claims, Mr. Barnow and his co-counsel appealed the decision to the Seventh Circuit. The Seventh Circuit overturned the district court's order, finding that a reasonable consumer could believe that the phrase "100% Grated Parmesan Cheese" means that the product was 100% cheese. The Seventh Circuit's opinion has become one of the most important decisions in the deceptive labeling practices litigation area.

***Gann v. Nissan North America, Inc.*** Ben Barnow served as one of Class Counsel in this case regarding defective continuously variable transmissions on 1.4 million 2013–2016 Nissan Altima vehicles. After successfully defeating Nissan's motions to dismiss the litigation in two separate courts, he negotiated a settlement providing reimbursement for out-of-pocket costs for prior transmission replacements and a warranty extension, collectively valued at over $444 million.

***Warner v. Toyota Motor Sales, U.S.A., Inc.*** Ben Barnow served as one of Co-Lead Counsel in this litigation regarding claims of excessive frame rust to certain Toyota vehicles, yielding a recent landmark settlement estimated at $3.4 billion. Under the settlement, owners of 2005–2010 Toyota Tacoma, 2007–2008 Toyota Tundra, and 2005–2008 Toyota Sequoia vehicles are eligible for free frame inspections for a period of twelve years from the date the vehicle was originally sold or leased, or one year from the date of the Final Order and Judgment, whichever is longer. Vehicles that exhibit excessive frame rust are eligible for a free frame replacement.

***Rafofsky v. Nissan North America, Inc.*** Ben Barnow served as Class Counsel in this litigation regarding the failure to timely deliver certain advertised infotainment apps on 2014 Infiniti Q50s.

Class Counsel achieved a settlement in which class members could file claims for cash worth up to $85 or for vouchers to purchase of a new Infiniti vehicle worth up to $1,250.

***Palace v. DaimlerChrysler Corp.*** Ben Barnow was one of Co-Lead Class Counsel in this litigation relating to the defendant's sale of Neons containing allegedly defective head gaskets. After several years of litigation, a settlement was granted final approval, making up to $8.25 million available to Class members for reimbursement of repair costs and other expenses.

***Schulte v. Fifth Third Bank.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this action relating to allegations that the defendant unlawfully re-sequenced debit card transactions in order to maximize overdraft fees. In this capacity, he negotiated a settlement with Defendant's counsel providing for the establishment of a $9.5 million settlement fund and including substantial injunctive relief, the present value of which Plaintiffs' expert estimated to be approximately$58.8 million over five years and $108.3 million over ten years. The settlement has been granted final approval.

***Schwab v. America Online, Inc. (America Online Access Litigation).*** Ben Barnow served as Class Counsel and Co-Chair in this highly publicized litigation relating to AOL's representation that users would have unlimited access to AOL for $19.95/month and the connectivity problems that ensued in conjunction therewith. In the face of what was ultimately over one hundred class actions filed nationwide, Mr. Barnow organized over 50 law firms and set up the co-chairmanship and the Executive Committee, which brought order and resolution to this litigation. A settlement was reached and was granted final approval, resulting in a multi-million-dollar benefit to a Class estimated to include over 8 million people.

***Miner v. Philip Morris USA, Inc.*** Ben Barnow served as one of Class Counsel in this litigation concerning Philip Morris USA, Inc.'s practice of marketing and selling its Marlboro Lights and Marlboro Ultra-Lights cigarettes as less harmful to smoke than regular cigarettes when, in fact, they were not. A settlement was reached and granted final approval, providing for Philip Morris's payment of $45 million into an escrow account for the benefit of Class members.

***Boland v. McDonald's Corp. (McDonald's Sweepstakes Litigation).*** As Co-Lead Class Counsel in this litigation, Ben Barnow coordinated the efforts of approximately 25 plaintiffs' firms. The litigation concerned certain McDonald's promotional games and arose from the fraudulent removal of winning game pieces from random public distribution. Mr. Barnow developed and accomplished the settlement concept; to wit, for a chance lost, a chance would be given. The settlement, valued at approximately $20 million, included fifteen $1 million prizes given away by random selection. The settlement included the United States and nine other countries.

***Campos v. Calumet Transload R.R., LLC.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this litigation relating to the defendants' alleged negligent storage and handling of petroleum coke and coal at certain industrial storage facilities in Chicago, Illinois. Two settlements were reached which collectively provided for the payment of $1,455,000 for the benefit of Settlement Class members. The settlements were granted final approval.

***Fernandez v. Vitamin Shoppe Industries, Inc.*** Ben Barnow served as Co-Lead Counsel in this national class action that settled, resulting in injunctive relief regarding labeling practices, and additional relief by way of discount coupons and cy pres relief to appropriate charities.

***<u>Gianopolous v. Interstate Brand Corp. and Interstate Bakeries Corp.</u>*** Ben Barnow was appointed one of Class Counsel in this litigation concerning allegedly adulterated bakery goods. A settlement was reached and granted final approval, making valuable relief available to consumers.

***Glenz v. RCI, LLC.*** Ben Barnow served as one of three Class Counsel in this litigation involving the RCI Points program and allegations of improper use of points by RCI. The settlement made available cash benefits of approximately $19 million to members of the Settlement Class and included substantial injunctive relief. Final approval of the settlement has been granted.

***Heilman v. Perfection Corp.*** Ben Barnow served as Co-Lead Class Counsel in this national class action concerning allegedly defective dip tubes in over 14.2 million hot water tanks sold throughout the United States. In this capacity, Mr. Barnow organized twenty-three law firms and oversaw numerous filings in bringing about a national unified settlement that provided for a 100% recovery of out-of-pocket expenses and requisite repairs, including preventive replacement of all concerned dip tubes, whether or not the dip tubes had actually failed.

***In Re: Chicago Flood Litigation.*** As Co-Lead Class Counsel and a member of the Executive Committee, Ben Barnow was responsible for several major aspects of this class action, which included years of litigation, appellate practice, trial, and a multi- million-dollar settlement. Mr. Barnow argued a related portion of the matter before the Supreme Court of the United States, *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), and was responsible for preparing the petition for a writ of certiorari and all related filings. At the Supreme Court level, opposing counsel was John Roberts, who now sits as Chief Justice of the Supreme Court of the United States.

***In Re: High Sulfur Content Gasoline Products Liability Litigation*, MDL No. 1632 ("Shell Oil").** Ben Barnow served as Co-Lead Settlement Class Counsel in this 26- case MDL proceeding relating to the defendant's alleged sale of defective gasoline. A settlement was reached and was granted final approval, resulting in approximately $100 million being made available towards the satisfaction of consumers' claims.

***In Re: Mercury Class Action Litigation.*** Ben Barnow served as Co-Lead Class Counsel in this case relating to the location of mercury-containing gas regulators in and on real estate. A settlement was reached and granted final approval that provided for medical monitoring, removal of the regulators, and cash compensation to certain class members.

***In Re: M3Power Marketing Practices Litigation*, MDL No. 1704.** Ben Barnow was appointed Co-Lead Class Counsel in this MDL proceeding relating to the defendant's allegedly deceptive marketing and sale of M3Power shaving razors. A settlement was reached and granted final approval, making available benefits of more than $7 million to Class members.

***In Re: Pilot Flying J Fuel Rebate Contract Litigation.*** Ben Barnow served as one of Settlement Class Counsel in this litigation involving allegations that the defendants withheld portions of fuel discounts and rebates that Class members were contractually entitled to receive in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and various state laws. The settlement was granted final approval.

***In Re: Starlink Corn Products Liability Litigation*, MDL No. 1403.** Ben Barnow served as Co-Lead Class Counsel in this MDL proceeding relating to the alleged inclusion of genetically engineered corn in the defendants' food products. A settlement was reached, valued at $9 million, including the return of up to $6 million to consumers on a fluid recovery/cy pres basis through price reduction on future purchases coupled with a cash payment to approved charities based on shortfall in the redemption.

***In Re: United Parcel Service, Inc., Shipper Excess Value Insurance Coverage Litigation.*** Ben Barnow was one of Settlement Class Counsel in this litigation. A settlement was reached and granted final approval, providing relief to UPS shippers who had paid premiums for excess value insurance coverage.

***Ori v. Fifth Third Bank.*** Ben Barnow served as one of Co-Lead Settlement Class Counsel in this action relating to inactive mortgage loans that were erroneously reported as active to Consumer Credit Reporting Agencies. The Settlement Class included approximately 55,000 individuals, and the settlement made available cash benefits of approximately $3,000,000 to members of the Settlement Class. Final approval of the settlement has been granted.

***Orrick v. Sonic Communications.*** Ben Barnow was one of Lead Class Counsel in this matter relating to the practice known as "slamming." The private actions and actions filed on behalf of various Attorneys General were consolidated. A settlement covering all of the pending cases and providing benefits of approximately $8.3 million was achieved and granted final approval. This litigation is believed to be the first class certification and settlement relating to the practice known as "slamming."

***Rosen v. Ingersoll-Rand Co. and Kryptonite Corp.*** Ben Barnow was Co-Lead Class Counsel in this matter relating to allegedly defective bicycle locks. Mr. Barnow organized 18 U.S. and Canadian law firms and negotiated a settlement on behalf of Class members in the U.S. and Canada. The settlement was granted final approval, providing valuable relief to purchasers of the allegedly defective U-shaped tubular cylinder bicycle locks.

***Schneider v. Dominick's Finer Foods, Inc.*** Ben Barnow was Co-Class Counsel in this matter relating to the defendant's alleged failure to deliver on representations of 100% ground beef. A settlement was reached and granted final approval, which included significant remedial relief in the form of shop signage regarding cleanliness and meat grinding practices, and fluid recovery mechanisms to compensate the class members by way of in-store sales and published coupons.

***Schwab v. Binney & Smith.*** Ben Barnow served as Co-Lead Class Counsel in this case relating to crayons that were produced for decades with talc, which allegedly contained, or was subject to containing, asbestos. Mr. Barnow negotiated a national class settlement that contributed to the

reformulation of most crayons produced in this country, so as to eliminate the inclusion of talc and, thus, the alleged asbestos inclusion, and the settlement was granted final approval. This represented one of the largest classes ever certified, if not the largest.

***Siegel v. Syncronys.*** Ben Barnow was Co-Class Counsel in this nationwide class action concerning an allegedly defective computer product. The matter was settled, resulting in a remedy for the Class that provided for a 100% reimbursement on moneys spent for the product; the value of the settlement was estimated at $22 million.

***Smith v. J.M. Smucker Co.*** Ben Barnow was Class Counsel in this litigation relating to allegedly deceptive advertising practices. Mr. Barnow negotiated a national settlement and organized a group of plaintiffs' counsel from over 25 firms throughout the country who supported the settlement. The settlement was granted final approval, making available valuable relief to consumers of spreadable fruit products labeled "Simply 100% Fruit," including a change of labeling practices by the defendant, which added and maintained the following language, in prominent fashion, on the front label of its Simply 100% Fruit products: "Sweetened with fruit syrup from apple, pineapple or pear juice concentrate," thus fairly and fully advising consumers of the product they were purchasing.

***Stelk v. BeMusic, Inc.*** Ben Barnow served as Co-Lead Class Counsel in this litigation relating to charges for shipping and handling in the context of a "free" offer. The Class included an estimated 16 million members. A settlement was reached and granted final approval providing substantial relief to Class members, including a guaranteed minimum of $8 million.

### Antitrust Cases

***Wisconsin Civil Microsoft Antitrust Litigation.*** Ben Barnow served as one of Co- Lead Class Counsel in this indirect purchaser antitrust lawsuit. Mr. Barnow and his co-counsel successfully petitioned the Wisconsin Supreme Court to recognize the rights of indirect purchasers to recover under Wisconsin's antitrust laws. *Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005). Subsequently thereto, Mr. Barnow negotiated a settlement valued at approximately $224 million that was granted final approval.

***Arkansas, Kansas, South Dakota Civil Microsoft Antitrust Litigations.*** Ben Barnow served as a Co-Lead Class Counsel in the Arkansas, Kansas, and South Dakota Microsoft civil antitrust cases. Each of these cases settled, and the settlements were granted final approval.

***Microsoft Civil Antitrust Litigation***, **MDL No. 1332.** Ben Barnow served as a member of the nine-member Plaintiffs' Lead Counsel Committee in this MDL antitrust proceeding before Judge Motz in the United States District Court for the District of Maryland.

***Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.*** Ben Barnow served as a Co-Lead Counsel for third-party payor plaintiffs in this antitrust action where settlements were reached and finally approved collectively providing for the payment of $9,850,000 for the benefit of the Settlement Class.

***Loeb Industries, Inc. v. Sumitomo Corp.*** Ben Barnow served as Co-Lead Counsel in this nationwide antitrust class action, which sought recovery on behalf of scrap copper purchasers who were allegedly harmed by activities designed to manipulate the copper market. A $20 million cash settlement with one of the defendants (Merrill Lynch) was reached.

***Vichreva v. Cabot Corp.*** Ben Barnow served as Co-Lead Counsel in this Florida antitrust litigation. An $825,500 common fund, which is believed to be the largest per-consumer Carbon Black state court antitrust class action settlement in the country, was obtained.

## Public Speaking Engagements

1.    HarrisMartin's Equifax Data Breach Litigation Conference (Atlanta, GA, Nov. 10, 2017), topic: "Settlements" (Program Co-Chair)

2.    Bridgeport Continuing Education's 2016 Class Action Litigation & Management Conference (Los Angeles, CA, Apr. 15, 2016) (Program Co- Chair)

3.    HarrisMartin's Data Breach Litigation Conference: The Coming of Age (San Diego, CA, Mar. 25, 2015), topic: "Creative Approaches to Settling Data Breach Cases."

4.    Bridgeport Continuing Education's 2014 National Consumer Class Action Conference (Chicago, IL, Jun. 12-13, 2014); topic: "Privacy/TCPA Class Actions: State of the Law, Claims and Defenses, What Does the Future Hold?"

5.    HarrisMartin's MDL Conference: Target Data Security Breach Litigation
(San Diego, CA, Mar. 26, 2014); topic: "Settlement of a Data Breach Case."

6.    NetDiligence Cyber Risk & Privacy Liability Forum (Marina del Rey, CA, Oct. 11–12, 2012).

7.    25th Annual Producer Conference (Stowe, VT, Sept. 10–12, 2012); topic: "Cyber 2.0— The Evolution of Cyber in the Boardroom."

8.    NetDiligence 2012 Cyber Risk & Privacy Liability Forum (Philadelphia, PA, June 4–5, 2012); topic: "State of the Cyber Nation—Cases, Theories, and Damages."

9.    Tulane University Law School's symposium on The Problem of Multidistrict Litigation (February 15–16, 2008); topic: "The Practicalities of Multidistrict Litigation."

# ANTHONY L. PARKHILL

## BARNOW AND ASSOCIATES
*a professional corporation*
ATTORNEYS AT LAW

Anthony L. Parkhill has more than eight years of litigation experience and has spent the last seven years prosecuting some of the nation's largest complex consumer fraud, automotive defect, and privacy class action matters.

Mr. Parkhill graduated from DePaul University with a Bachelor's degree in Political Science in 2010. He received his Juris Doctor from the University of Chicago Law School in 2014. He is licensed to practice in the State of Illinois. He is also admitted to practice before the United States Courts of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the District of Colorado, and the United States District Court for the Eastern District of Michigan. He is a member of the Illinois State Bar Association.

Mr. Parkhill has served in leadership roles in multiple class action lawsuits, including the following: *Cochran v. Kroger Co.* (N.D. Cal.) (appointed as one of Class Counsel in this data breach class action against Kroger and helped negotiate a settlement making $5 million in benefits available to the class); *Lukens v. Utah Imaging Associates, Inc.*, No. 210906618 (Salt Lake Cnty, Utah), (served as one of settlement class counsel and helped establish a settlement fund of $2,100,000 for approximately 583,642 class members); *Kesner v. UMass Memorial Health Care, Inc.*, (Mass. Super. Ct. – Worcester) (served as one of class counsel and aided in creating a settlement fund of $1,200,000 for a class of approximately 209,000 class members); *Easter v. Sound Generations*, No. 21-2-16953-4 SEA (Sup. Ct., King County, WA) (appointed as one of settlement class counsel and helped achieve a settlement that allowed for claims of cash payments, credit monitoring, and reimbursements for expenses and lost time dealing with the data incident for approximately 600,605 persons); *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424 (N.D. Tex.) (appointed as one of Additional Class Counsel in this payment card data breach that affected approximately 725,000 of Dickey's customers and helped create a settlement creating a common fund of $2.350,000); *McCullough v. True Health New Mexico, Inc.*, No. D-202-CV-2021-06816 (2nd Dist. Ct. of New Mexico) (appointed as one of settlement class counsel and helped negotiate a settlement that allows class members to claim reimbursements for lost time and expenses that arose as a result of the data breach and obtain two years of credit monitoring and insurance services); *Lozano v. CodeMetro, Inc.* (Super. Ct. San Diego, Cal.) (serving as one of settlement class counsel in this data breach class action and helped achieve a settlement making benefits of $850,000 available to the class of approximately 98,700 persons); *Rafofsky v. Nissan North America, Inc.* (C.D. Cal.) (appointed as one of class counsel where a class settlement was granted final approval).

Mr. Parkhill has played an active role in litigating the following class action matters that successfully settled: *Gann v. Nissan North America, Inc.* (M.D. Tenn.) (settlement reached in case regarding defective transmissions providing reimbursement for out-of-pocket costs for prior

transmission replacements and a warranty extension, collectively valued at over $444 million); *Warner v. Toyota Motor Sales, U.S.A., Inc.* (C.D. Cal.) (settlement reached regarding allegations of excessive frame rust to certain vehicles providing benefits valued at in excess of $3.4 billion to Settlement Class members); *Hestrup, et al. v. DuPage Medical Group, Ltd.* (DuPage Cty. Circ. Ct., Illinois) (settlement establishing a common fund of $3 million relating to a medical data breach); *In re BJC Healthcare Data Breach Litig.* (St. Louis Circ. Ct., Missouri) (settlement allowing a class of over 280,000 persons to claim reimbursements for certain expenses that arose as a result of a medical data breach); *Winstead v. ComplyRight, Inc.* (N.D. Ill.) (settlement reached relating to a data breach providing a $3.025 million fund to approximately 665,000 class members); *Perdue v. Hy-Vee, Inc.* (C.D. Ill.) (settlement reached relating to a payment card data breach, allowing for class members to receive reimbursements for damages resulting from the breach); *Orr v. InterContinental Hotels Group, PLC* (N.D. Ga.) (settlement reached in payment card breach case providing reimbursement for certain expenses subject to an aggregate cap of $1.55 million); *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* (E.D. Wis.) (settlements reached with four of six defendants in this ongoing international antitrust action providing for the payment of $9,850,000); *Campos v. Calumet Transload R.R., LLC* (N.D. Ill.) (settlements reached providing for payment of $1,455,000 for the benefit of the Settlement Class in action relating to the alleged negligent storage and handling of petroleum coke and coal at certain industrial storage facilities); and *In re Zappos Security Breach Litigation* (D. Nev.) (settlement providing class with benefits in excess of $5 million); and *Cullan and Cullan LLC v. m-Qube, Inc.*, (D. Neb.), (making over $1 million available to victims of cell phone cramming).

# RILEY W. PRINCE

## BARNOW AND ASSOCIATES

*a professional corporation*
ATTORNEYS AT LAW

Riley W. Prince graduated from the University of Michigan-Ann Arbor in 2017 with Bachelor's degrees in Political Science and Spanish. He received his Juris Doctor from the Chicago-Kent College of Law in 2021. Mr. Prince has been a part of Barnow and Associates, P.C. since January of 2020, working as a clerk with the firm while in law school. Mr. Prince is licensed to practice in the State of Illinois and is admitted to practice before the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, and the United States District Court for the Eastern District of Michigan.

Mr. Prince has played a significant role in many data breach class actions that have resulted in finally approved settlements. *See Hestrup, et al. v. DuPage Medical Center, Ltd.*, No. 2021L937 (DuPage Cty. Circ., Illinois) (a medical data breach class action that resulted in a settlement establishing a $3 million fund for approximately 655,000 class members); *Lukens v. Utah Imaging Associates, Inc.*, No. 210906618 (Salt Lake Cnty, Utah), (medical data breach where a settlement fund of $2,100,000 for approximately 583,642 class members was created); *Kesner v. UMass Memorial Health Care, Inc.*, (Mass. Super. Ct. – Worcester) (a medical data breach class action where a settlement fund of $1,200,000 for a class of approximately 209,000 class members was established); *Easter v. Sound Generations*, No. 21-2-16953-4 SEA (Sup. Ct., King County, WA) (a medical data breach class action that allowed for claims of cash payments, credit monitoring, and reimbursements for expenses and lost time dealing with the data incident for approximately 600,605 persons); *McCullough v. True Health New Mexico, Inc.*, No. D-202-CV-2021-06816 (2nd Dist. Ct. of New Mexico) (a medical data breach class action where a settlement was reached that allows class members to claim reimbursements for lost time and expenses that arose as a result of the data breach and obtain two years of credit monitoring and insurance services).

13

# NICHOLAS W. BLUE

## BARNOW AND ASSOCIATES
*a professional corporation*
ATTORNEYS AT LAW

Nicholas W. Blue is an associate at Barnow and Associates, P.C. Mr. Blue attended the University of Missouri, earning degrees in Anthropology and Political Science and graduating with Honors in 2019. He was a member of Phi Beta Kappa and a Kinder Institute on Constitutional Democracy Fellow. He received his Juris Doctor from Washington University School of Law in 2022. Mr. Blue is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois. Mr. Blue's practice focuses on complex class action litigation, data breach and privacy litigation, and consumer protection cases.

# *Exhibit "B"*



SHUB JOHNS & Holbrook LLP

Four Tower Bridge
200 Barr Harbor Drive
Suite 400
Conshohocken, PA 19428

(610) 477-8380
SHUBLAWYERS.COM
INFO@SHUBLAWYERS.COM

**Jonathan Shub** is a co-founder of Shub Johns & Holbrook LLP. Mr. Shub graduated from American University (Washington, D.C.), B.A., in 1983 and Delaware Law School of Widener University (now Widener University Delaware School of Law), cum laude, in 1988. While enrolled in Delaware Law School of Widener University, he served as the Law Review Articles Editor. Jon was a Wolcott Fellow Law Clerk to the Hon. Joseph T. Walsh, Delaware Supreme Court in 1988. He is a member of the American Association of Justice (past chairman of class action litigation section), the American Bar Association and the Consumer Attorneys of California. Jon was named a Pennsylvania SuperLawyer from 2005-2009 and 2012-2024. Jon is also an active member of his local synagogue and an avid political fundraiser.

Jonathan Shub is the founder of Shub Johns & Holbrook LLP. He is recognized as one of the nation's leading class action consumer rights lawyers, based on his 30+ years representing classes of individuals and businesses in a vast array of matters involving unlawful conduct. He has gained notable attention in the area of defective consumer electronics and computer hardware as a result of many leadership positions in federal and state cases against companies such as Hewlett-Packard, Maytag, IBM and Palm. In fact, Maximum PC Magazine, a leading industry publication, said years back that "Shub is becoming renowned for orchestrating suits that have simultaneously benefited consumers and exposed buggy hardware." He also has vast experience in mass tort class actions such as Vioxx, light tobacco litigation, and in consumer class actions such as energy deregulation.

Jon was an editor of his school's law review and launched his career in the Washington office of Fried, Frank, Harris, Shriver & Jacobson, where he worked on complex commercial matters including corporate investigations and securities litigation. He then moved into a practice of consumer protection and advocacy, and was a partner in two prominent class actions firms (Seeger Weiss and Kohn, Swift & Graf) before launching his firm in 2020. He is a frequent lecturer on cutting edge class action issues, and is a past chairman of the Class Action Litigation Group of the American Association for Justice. Jon regularly appears in state and federal courts nationwide, and in many high profile consumer protection cases. Jon's leadership roles require him to develop the theories of liability for the entire class as well as the overall trial strategy for the cases. Jon was co-lead and co-trial counsel in a case in a federal court case against municipality for violation of a state privacy law. The trial resulted in a jury award of approximately $68,000,000 to the Class. Most recently, he is co-lead counsel of a certified class against a hospital in Philadelphia for violating Philadelphia's Ban the Box law.

**Jon's experience in class action litigation includes the following leadership positions:**

- *Pugh et al. v. CHHS Hospital Company, LLC et al.*, No. 01768 (Phila. Ct. Common Pl.) (court certifies class of impacted individuals and grants preliminary approval of settlement in this class action alleging violation of the "Ban the Box Law." The Court's order appoints Jonathan Shub as co-lead Settlement Class Counsel);

- *Hasbrook v. EP Global Production Solutions, LLC, et al.*, Case No. 23STCV19711 (Cal. Super. Ct.) (Shub Johns & Holbrook LLP appointed as Co-lead Settlement

Class Counsel in a consumer class action data breach litigation in California);

- *Mercado v. Verde Energy USA, Inc.*, No. 18-cv-2068 (N.D. Ill. Aug. 18, 2021) (ECF No. 136) (court approved a settlement involving all individual residential consumers who enrolled in Verde Energy's variable rate electricity plan in connection with properties located in New York, Massachusetts, Illinois, New Jersey, Ohio or Pennsylvania arising out of allegations of deceptive advertising of residential energy practices);

- *Taha v. Bucks County.,* N0. 12-6867 (E.D. Pa. Apr. 29, 2019) (appointed as co-lead counsel in a national class action alleging the illegal publication of arrest records for thousands of individuals);

- *In re: AZEK Building Products Inc. Marketing and Sales Practices Litigation*, MDL No. 2506, Civil Action No. 2:12-cv-06627-MCA-MAH, (D.N.J.) (ECF 219) (appointed as co-lead class counsel in settled national litigation against CPG International for deceptive advertising in connections with deceptive advertising of AZEK-branded decking products);

- *Tennille v. Western Union Company,* No. 09-cv-00938 (D. Colo.) (ECF No. 175) (appointed as part of the executive committee counsel in settled national litigation against Western Union for deceptive practices in connection with money transfers);

- *In re Facebook PPC Advertising Litig.*, No. 09-cv-3043 (N.D. Cal.) (ECF No. 56) (appointed as co-lead class counsel and as a member of the Plaintiffs' Executive Committee in litigation against Facebook for deceptive advertising practices);

- *In re: Palm Treo 600 and 650 Litig.,* No. 05-cv-3774 (N.D. Cal.) (ECF No. 18) (appointed as co-lead counsel in a national class action involving defective smart phones); and

- *Austin v. Kiwi Energy NY, LLC,* Index No. 515350/2017 (N.Y. Super. Kings Cty.) (ECF No. 66) (preliminarily approving class action settlement against KIWI Energy LLC for deceptive advertising of residential energy prices and appointing Mr. Shub as Class Counsel).

**Publications and Presentations:**
- Moderator, Class Actions, Annual Meeting of American Association of Justice, 2015, 2016
- Speaker, Class Actions, Annual Meeting of American Association of Justice, 2015, 2016
- Speaker, "Finding the Right Class Action", New Jersey Association of Justice, June, 2016
- Speaker, "Nuts and Bolts of MDL Practice", Class Action Symposium, Chicago, Illinois, June, 2016
- Speaker, Computer Technology and Consumer Products Class Actions", Consumer Attorneys of California 46th Annual Convention, November 2007
- Frequent speaker, American Association for Justice (formerly ATLA)
- Author, Distinguishing Individual from Derivative Claims in the Context of Battles for Corporate Control", 13 Del. J. Corp. L 579 (1998)

- Author, "Shareholder Rights Plans? Do They Render Shareholders Defenseless Against Their Own Management", 12 Del J. Corp, L. 991 (1997)
- Co-author, "Once Again, the Court Fails to Rein in RICO", Legal Times (April 27, 1992)
- Co-author, "Failed One-Share, One Vote Rule Let SEC Intrude in Boardroom", National LawJournal (October 8, 1990).

 **Benjamin F. Johns**, a co-founding partner at Shub Johns & Holbrook LLP, is a consumer protection advocate with two decades of litigation experience. He is admitted to practice in all of the state and federal courts in Pennsylvania and New Jersey, and has personally argued in the Third Circuit, D.C. Circuit, PA Supreme Court, and PA Commonwealth Court. Over the course of his career, Mr. Johns has taken and defended hundreds of depositions, argued and won dispositive motions (including contested motions for class certification), and been appointed to leadership positions by various courts across the country. He was recently described by the legal publication Law360 as being a "data breach specialist." He was the lead litigator at his prior firm in a case against Apple which resulted in a $50 million settlement and was the No. 1 ranked Consumer Fraud settlement in California for 2022 by TopVerdict.com.

Mr. Johns is currently serving as court-appointed co-lead counsel in several consumer data breach class actions, including *Heath, et al. v. Keenan & Associates*, Case No. 24STCV03018 (Cal. Super. Ct.); *In re NCB Management Services, Inc. Data Breach Litig.*, No. 2:23-cv-1236-KNS (E.D. Pa.); *In re Geisinger Health Data Security Incident Litig.,* No. 4:24-cv-01071-MWB (M.D. Pa*.); In re Community Health Systems, Inc. Data Sec. Litig*., No. 3:23-cv-00285 (M.D. Tenn.) (now part of MDL No. 3090); *Drugich v McLaren Health Care Corp,* No. 23-CV-12520 (E.D. Mich.); *Guarnaschelli et al. v. East River Medical Imaging, P.C.*, Index No. 656099/2023 (N.Y. Sup. Ct.); *Jay Kay Collision Center, Inc. v. CDK Global, LLC*, No. 1:24-cv-05313 (N.D. Ill.); *Dimoff v. Allegheny Health Network,* 2:25-cv-00125-NR (W.D. Pa.); and *Salinas et al. v. Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Health System*, No. 20213-0090 D (La. J. D. Ct.). He is also interim co-lead counsel in *Zeiders v. Volkswagen Group of Am., Inc.,* No. 2:24-cv-11197-BRM-JSA (D.N.J.) and *Duffy v. Mazda Motor of Am.,* No. 3:24-CV-388-BJB (W.D. Ky.).

Over the course of his career, Mr. Johns has provided substantial assistance in the prosecution and resolution of the following cases:

- *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356-HB (E.D. Pa.) (Mr. Johns served as co-lead counsel in this data breach class action that settled for $6.8 million. The district court's order granting final approval to the settlement remarked that lead counsel's work on the case was "admirable," and that "counsel could not have secured a better outcome for the class.")
- *In re CorrectCare Data Breach Litig.,* No. 5:22-319-DCR (E.D. Ky.) (Mr. Johns served as co-lead counsel in this case regarding a data breach at an entity that manages medical

claims at certain correctional facilities, which ultimately resulted in a $6.49 million settlement)

- *Nelson v. Connexin Software Inc. d/b/a Office Practicum,* No. 2:22-cv-04676-JDW (E.D. Pa.) (Mr. Johns served as co-lead counsel in this data breach class action brought by pediatric patients against an electronic medical records vendor, which resulted in a $4 million settlement)

- *Gravley, Sr. v. Fresenius Vascular Care, Inc.,* No. 2:24-cv-1148 (E.D. Pa) (Mr. Johns served as co-lead counsel; in granting final approval to a $3.15 million settlement, the court said "[c]lass counsel has extensive experience litigating these data breach class actions, particularly within this district…")

- *In re Wright & Filippis, LLC Data Security Breach Litigation,* No. 2:22-cv-12908 (E.D. Mich.) (Mr. Johns served as co-lead counsel in this case involving a cyber security incident at a prosthetics and orthotics provider, which resulted in a $2.9 million settlement)

- *Guarnaschelli et al. v. East River Medical Imaging, P.C.,* Index No. 656099/2023 (N.Y. Sup. Ct.) (Mr. Johns was designated co-lead counsel in this data breach case impacting consumer personal identifiable and private health information, resulting in a settlement valued at $1.85 million)

- *Johnson v. One Brooklyn Health System, Inc.*, Index No. 512485/2023 (N.Y. Sup. Ct.) (Mr. Johns served as co-lead class counsel in this data breach that impacted current and former patients of some hospitals and clinics located in New York's borough of Brooklyn. The case resulted in a $1.5 million common settlement fund)

- *In re R&B Corporation of Virginia d/b/a Credit Control Corporation, Data Security Breach Litig.,* No. 4:23-CV-66 (E.D. Va.) (Mr. Johns served as co-lead counsel in this data breach class action against a debt collection agency which resulted in a $1.6 million settlement)

- *In re Hope Coll. Data Sec. Breach Litig.,* No. 1:22-CV-01224-PLM (W.D. Mich.) (Mr. Johns was designated lead counsel in this data breach case against a private college in Michigan which resulted in a $1.5 million settlement)

- *In re Onix Group, LLC Data Breach Litig.,* No. 23-2288-KSM (E.D. Pa.) (Mr. Johns was designated co-lead counsel in this data breach case impacting consumer personal identifiable and private health information, resulting in a settlement valued at $1.25 million)

- *In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD (N.D. Cal.) (Mr. Johns took and defended numerous depositions and successfully argued two motions to dismiss and co-argued plaintiffs' motion for class certification in this widely-covered case against Apple which ultimately settled for a $50 million common fund. In granting final approval to the settlement, the district court wrote that plaintiffs' counsel "achieved excellent results for the class.")

- *Kostka v. Dickey's Barbecue Restaurants Inc.,* No. 3:20-CV-03424-K (N.D. Tex.) (Mr. Johns served as co-lead counsel in this consumer data breach case which resulted in a $2.35 million common fund settlement)

- *Udeen v. Subaru of Am., Inc.,* No. 18-17334 (RBK/JS) (D.N.J.) (Mr. Johns was co-lead counsel in this consumer class action involving allegedly defective infotainment systems in certain Subaru automobiles, which resulted a settlement valued at $6.25 million. At the hearing granting final approval of the settlement, the district court commented that the plaintiffs' team "are very skilled and very efficient lawyers…They've done a nice job.")

- *Breneman v. Keystone Health*, Case No. 2023-618 (Pa. Ct. Com. Pl.) (Mr. Johns was co-lead counsel in this medical data breach class action which resulted a $900,000 common fund settlement)

- *In re Nexus 6P Product Liability Litig.*, No. 5:17-cv-02185-BLF (N.D. Cal.) (Mr. Johns served as co-lead counsel – and argued two of the motions to dismiss – in this defective smartphone class action.  The case resulted in a settlement valued at $9.75 million, which Judge Beth Labson Freeman described as "substantial" and an "excellent resolution of the case.")

- *In re MyFord Touch Consumer Litig*., No. 13-cv-03072-EMC (N.D. Cal.) (Mr. Johns served as court-appointed co-lead counsel in this consumer class action concerning allegedly defective MyFord Touch infotainment systems, which settled for $17 million shortly before trial.)

- *Weeks v. Google LLC*, 5:18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943, at *8-9 (N.D. Cal. Dec. 13, 2019) (Mr. Johns was co-lead counsel – and successfully argued against a motion to dismiss – in this defective smartphone class action. A $7.25 million settlement was reached, which Magistrate Judge Nathanael M. Cousins described as being an "excellent result.")

- *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC (D. Colo.) (Mr. Johns served as co-lead counsel of behalf of a class of millions of cardholders who were impacted by a data breach at Chipotle restaurants. After largely defeating a motion to dismiss filed by Chipotle, the case resulted in a favorable settlement for affected consumers. At the final approval of the settlement, the district court noted that class counsel has "extensive experience in class action litigation, and are very familiar with claims, remedies, and defenses at issue in this case.")

- *Hughes v. UGI Storage Co.,* 263 A.3d 1144 (Pa. 2021) (Mr. Johns argued this precedent-setting *de facto* takings matter before the Pennsylvania Supreme Court in October of 2021, which resulted in a 6-0 reversal of the underlying Commonwealth Court decision that had affirmed the trial court's dismissal of the case)

- *Bray et al. v. GameStop Corp.,* 1:17-cv-01365-JEJ (D. Del.) (Mr. Johns served as co-lead counsel for consumers affected by a data breach at GameStop. After largely defeating a motion to dismiss, the case was resolved on favorable terms that provided significant relief

to GameStop customers. At the final approval hearing, the District Judge found the settlement to be "so comprehensive that really there's nothing else that I need developed further," that "the settlement is fair," "reasonable," and "that under the circumstances it is good for the members of the class under the circumstances of the claim.")

- *In re: Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litig.*, No. 15-cv-18-JLL-JAD (D.N.J.) (Mr. Johns served on the Plaintiffs' Steering Committee in this MDL proceeding, which involved allegedly defective wood-composite decking, and which ultimately resulted in a $20 million settlement.)

- *In re Checking Account Overdraft Litig.,* No. 1:09-MD-02036-JLK (S.D. Fla.) (Mr. Johns was actively involved in these Multidistrict Litigation proceedings, which involve allegations that dozens of banks reorder and manipulate the posting order of debit transactions. Settlements collectively in excess of $1 billion were reached with several banks. Mr. Johns was actively involved in prosecuting the actions against U.S. Bank ($55 million settlement) and Comerica Bank ($14.5 million settlement).)

- *Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corporation,* No. 1:10-cv-00264-CAB (N.D. Ohio) (Mr. Johns was the primary associate working on this case which resulted in a $20 million settlement on behalf of hospitals and surgery centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.)

- *West v. ExamSoft Worldwide, Inc.,* No. 14-cv-22950-UU (S.D. Fla.) (Mr. Johns was co-lead counsel in this case which resulted in a $2.1 million settlement on behalf of July 2014 bar exam applicants in several states who paid to use software for the written portion of the exam which allegedly failed to function properly)

- *Henderson v. Volvo Cars of North America, LLC,* No. 2:09-cv-04146-CCC-JAD (D. N.J.) (provided substantial assistance in this consumer automobile case that settled after the plaintiffs prevailed, in large part, on a motion to dismiss)

- *In re Marine Hose Antitrust Litig.,* No. 08-MDL-1888 (S.D. Fla.) (settlements totaling nearly $32 million on behalf of purchasers of marine hose.)

- *In re Philips/Magnavox Television Litig.,* No. 2:09-cv-03072-CCC-JAD (D. N.J.) (settlement in excess of $4 million on behalf of consumers whose flat screen televisions failed due to an alleged design defect. Mr. Johns argued against one of the motions to dismiss.)

- *Allison, et al. v. The GEO Group*, No. 2:08-cv-467-JD (E.D. Pa.), and *Kurian v. County of Lancaster*, No. 2:07-cv-03482-PD (E.D. Pa.) (settlements totaling $5.4 million in two civil rights class action lawsuits involving allegedly unconstitutional strip searches at prisons)

Mr. Johns was elected by fellow members of the Philadelphia Bar Association to serve a three-year term on the Executive Committee of the organization's Young Lawyers Division. He also served on the Editorial Board of the Philadelphia Bar Reporter and the Board of Directors for the

Dickinson School of Law Alumni Society. Mr. Johns has been published in the Philadelphia Lawyer magazine and the Philadelphia Bar Reporter. While in college, Mr. Johns was on the varsity basketball team and spent a semester studying abroad in Osaka, Japan. He graduated from Harriton High School in 1998 as the then all-time leading scorer in the history of the boys' basketball program. Ben has been named a "Lawyer on the Fast Track" by The Legal Intelligencer, a "Top 40 Under 40" attorney by The National Trial Lawyers, and a Pennsylvania "Rising Star"/"Super Lawyer."

**Education**

- Penn State Dickinson School of Law, J.D., 2005 – Woolsack Honor Society

- Penn State Harrisburg, M.B.A., 2004 – Beta Gamma Sigma Honor Society

- Washington and Lee University, B.S., 2002 – *cum laude*

- Kansai Gaidai University, Osaka Prefecture, Japan (studied abroad during 2000-2001 semester)

- Executive Committee, Young Lawyers Division of the Philadelphia Bar Association

- Board Member, The Dickinson School of Law Alumni Society

- Editorial Board, Philadelphia Bar Reporter 2013-16

- Former Member, Washington and Lee Alumni Admissions Program

**Admissions**

- United States Court of Appeals for the Third Circuit

- United States Court of Appeals for the Fifth Circuit

- United States Court of Appeals for the Sixth Circuit

- United States Court of Appeals for the Ninth Circuit

- United States Court of Appeals for the District of Columbia Circuit

- United States District Court for the Eastern District of Pennsylvania

- United States District Court for the Middle District of Pennsylvania

- United States District Court for the Western District of Pennsylvania

- United States District Court for the District of New Jersey

- United States District Court for the District of Colorado

- United States District Court for the Northern District of Illinois

- United States District Court for the Central District of Illinois

- United States District Court for the Eastern District of Michigan

- United States District Court for the Western District of Michigan
- United States District Court for the Eastern District of Wisconsin
- United States Court of Federal Claims
- Supreme Court of Pennsylvania
- Supreme Court of New Jersey

**Memberships and Associations**

- Named a "Lawyer on the Fast Track" by *The Legal Intelligencer*
- Named to the Pennsylvania "Rising Stars" List from Super Lawyers: 2010-Present
- Recognized as a "Top 40 Under 40" lawyer by The National Trial Lawyers
- Member of the Delaware County Bar Association



**Samantha E. Holbrook,** a co-founding partner of Shub Johns & Holbrook LLP, has extensive experience in consumer protection class action litigation. Prior to joining the firm, Ms. Holbrook practiced at two different national class action law firms where she represented consumers and investors in nationwide class actions. Ms. Holbrook has experience handling and litigating all aspects of the prosecution of national class action litigation asserting claims under state and federal law challenging predatory lending practices, product defects, breach of fiduciary duty, antitrust claims, consumer fraud and unfair and deceptive acts and practices in federal courts throughout the country.

Ms. Holbrook has also obtained favorable recoveries on behalf of multiple nationwide classes of borrowers whose insurance was force-placed by their mortgage services.

Ms. Holbrook received her law degree from Temple University Beasley School of Law. While in law school, she served as the President of the Moot Court Honor Society and President of the Student Animal Legal Defense Fund. She was also a member of Temple's nationally recognized Trial Team. Upon graduating, she served as an adjunct professor for Temple coaching its Trial Team from 2013-2018. Ms. Holbrook received her undergraduate degrees from the Pennsylvania State University in Political Science and Spanish. While in college, Ms. Holbrook spent a semester studying abroad in Sevilla, Spain. She is proficient in Spanish. Ms. Holbrook also currently serves as the Board President for Citizens for a No-Kill Philadelphia, a Philadelphia-based animal welfare advocacy organization, and serves on the Board of Directors of City of Elderly Love, a senior-focused animal rescue organization.

Ms. Holbrook has been recognized by Pennsylvania Super Lawyers as a Rising Star for each year from 2020-2024. She has also been recognized as a Top Young Rising Attorney in Pennsylvania in 2020, and a Pennsylvania & Delaware Top Attorneys Rising Stars in 2021. She is admitted to practice in all federal and state courts in Pennsylvania and New Jersey.

**Over the course of her career, Ms. Holbrook has provided substantial assistance in the prosecution of the following cases:**

- *In re HealthEquity,Inc. Data Security Incident Litigation*, No. 2:2024-cv-00528 (D. Utah.) (appointed to serve on Plaintiff's Executive Committee in a consumer class action medical data breach litigation pending in Utah);

- *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Pa.) (ECF No. 23) (appointing Ms. Holbrook as Liaison Counsel in data breach class action);

- *In re F21 OPCO LLC Data Breach Litigation*, No. 2:2023-cv-07390 (C.D. Ca.) (appointed as Plaintiffs' Co-lead Counsel in a consumer class action data breach litigation pending in California);

- *Lockhart et al., v. El Centro Del Barrio d/b/a CentroMed*, No. 5:23-cv-01156 (W.D. Tx.) (appointed as Plaintiff's Interim Co-Lead Counsel in a consumer class action medical data breach litigation pending in Texas);

- *Krenk v. Murfreesboro Medical Clinic, P.A. D/B/A Murfreesboro Medical Clinic & Surgicenter*, Case No. 75CC1-2023-CV-81005 (Rutherford Cir. Ct.) (appointed to the Plaintiffs' Steering Committee in a consumer class action medical data breach litigation pending in Tennessee);

- *Doe v. Highmark, Inc.*, No. 2:23-cv-00250 (W.D. Pa.) (provisionally appointed as a member of the Plaintiffs' Executive Committee in this medical data breach litigation pending in Pennsylvania);

- *Suarez v. Nissan North America*, No. 3:21-cv-00393 (M.D. Tenn.) (appointed lead class counsel in a consumer class action alleging defective headlamps in Nissan Altima vehicles which reached a settlement valued at over $50 million that provides reimbursements, free repairs, and an extended warranty);

- *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-03424-K (N.D. Tex.) (appointed as additional interim class counsel on behalf of consumers whose sensitive payment card information was exposed in a data breach at Dickey's restaurant chains);

- *In re Wawa, Inc. Data Security Litig.*, No. 2:19-cv-06019-GEKP (E.D. Pa.) (achieved $12 million settlement on behalf of consumers whose sensitive payment card information was exposed to criminals as part of a highly-publicized data breach);

- *Lacher et al v. Aramark Corp.*, 2:19-cv-00687 (E.D. Pa. 2019) (represented a class of Aramark's current and former managers alleging that Aramark breached its employment

contracts by failing to pay bonuses and restricted stock unit compensation to managers nationwide);

- *Turner v. Sony Interactive Entertainment LLC*, No. 4:21-cv-02454-DMR (N.D. Cal.) (class action lawsuit alleging that Sony's PlayStation 5 DualSense Controller suffers from a "drift defect" that results in character or gameplay moving on the screen without user command or manual operation of the controller thereby compromising its core functionality);

- *Board of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A.,* 09-CV-686 (SAS), 2012 WL 2064907 (S.D.N.Y. June 7, 2012) (approving $150 million settlement); and

- *In re 2008 Fannie Mae ERISA Litigation*, Case No. 09-cv-1350 (S.D.N.Y.) ($9 million settlement on behalf of participants in the Federal National Mortgage Association Employee Stock Ownership Plan).



**Damian Gomez** joined Shub Johns & Holbrook LLP in March 2022 and is currently positioned as a **Legal Assistant** and **Consumer Communications Specialist**. Damian graduated from the University of Texas at Austin in 2021 with a Bachelor's degree in History with a focus on Classical Studies, as well as a Certificate in Creative Writing.

Damian's current responsibilities include conducting widespread investigations and initial research into potential class action and consumer protection cases, interviewing and vetting potential clients and class representatives, and assisting in legal projects as necessary. Aside from legal assistance, Damian manages Shub Johns & Holbrook's Marketing and Outreach ventures, writes for and oversees the Shub Johns & Holbrook's website content, and runs Shub Johns & Holbrook's social media accounts.



**Christine Powers** is a **Senior Paralegal** with Shub Johns & Holbrook LLP. She has over 25 years of legal experience supporting attorneys in all aspects of the litigation process in jurisdictions nationwide. Before joining Shub Johns & Holbrook in September 2024, Christine worked on complex litigation matters, including areas of corporate governance and mergers and acquisitions, for over 15 years at a large plaintiffs' class action law firm. Christine graduated with a bachelor's degree in communications from LaSalle University.



**Dawn Tormey** is the **Office Administrator** at Shub Johns & Holbrook LLP. Dawn joined the SJ&H team in February 2023. Dawn has over 20 years of experience working in service-based law firms with a focus on consumer protection.

Her extensive background supports her role in overseeing the general day-to-day operation of the firm, which includes administrative tasks, benefits administration, bookkeeping, payroll, and banking.