IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re Geisinger Health Data Security Incident Litigation* | Case No. 4:24-CV-01071-MWB |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This matter having come before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in support of the Motion, the Settlement Agreement ("Settlement Agreement") between Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski ("Plaintiffs") and Defendants Geisinger Health ("Geisinger"), and Nuance Communications, Inc. ("Nuance" and, collectively with Geisinger, "Defendants"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

**Settlement Class Certification**

2.  The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class, which consists of:

> All persons in the United States whose personally identifiable information or personal health information was compromised in the data incident that occurred on or about November 29, 2023, wherein an unauthorized individual gained access to certain patient information from Geisinger, including all persons who were sent a notice of this data incident.

Geisinger's and Nuance's officers and directors are excluded from the Settlement Class, as well as (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judges assigned to the Litigation to evaluate the fairness, reasonableness, and adequacy of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of perpetrating, aiding or abetting the criminal activity related to the Data Incident or who pleads *nolo contendere* to any such charge.

3.  For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure 23(a)—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.

   a. The members of the class are too numerous for their joinder to be practicable. There are approximately 1,308,363 Settlement Class Members.

   b. Questions of law and fact common to the Settlement Class predominate over individualized questions.

   c. Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of all other Settlement Class Members. Proposed Class Counsel—Ben Barnow of Barnow and Associates, P.C., and Benjamin F. Johns of Shub Johns & Holbrook LLP—have experience and expertise prosecuting class actions and have committed the necessary resources to represent the Settlement Class.

   d. A class action is a superior method for the fair and efficient resolution of this matter.

4. The Court further finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) have been met for the reasons stated in Plaintiffs' Motion, in that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Preliminary Approval of Settlement

5.  The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate. There is good cause to find that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel.

6.  For settlement purposes only, Plaintiffs Amber Lopez, Thomas Wilson, Brenda Everett, Ralph Reviello, and James Wierbowski are appointed as Class Representatives.

7.  For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Ben Barnow
> BARNOW AND ASSOCIATES, P.C.
> 205 W. Randolph St., Suite 1630
> Chicago, Illinois 60606
>
> Benjamin F. Johns
> SHUB JOHNS & HOLBROOK LLP
> 200 Barr Harbor Dr., Suite 400
> Conshohocken, PA 19428

## Manner and Form of Notice

8.  The Court approves, in form and content, the Postcard and Long-Form Notices, attached to the Settlement Agreement as Exhibits C and B, respectively, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and satisfy due process.

9. The Court finds that the planned notice set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2) and constitutes the best notice practicable under the circumstances, where Class Members' identities are contained in Defendants' records and may be readily ascertained, satisfying fully the requirements of due process, and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. Kroll Settlement Administration LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

11. The Settlement Administrator may proceed with the distribution of the Notices as set forth in the Settlement Agreement.

12. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notices no later than 90 days after the Notice

Date. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

13. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form and/or be electronically submitted to the Settlement Administrator via the Settlement Website postmarked no later than no later than 90 days after the Notice Date. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

14. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Class Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or other proceedings against Defendants or the Released Persons relating to the claims released under the terms of the Settlement Agreement.

15. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as Service Awards for the Class Representatives, in accordance with the terms of the Settlement Agreement, no later than 14 days prior to the Opt-Out and Objection Deadline.

16. The Court approves of Cybercrime Support Network as the Non-Profit Residual Recipient of the Settlement Agreement. After all payments and distributions are made pursuant to the terms and conditions of the Settlement Agreement, the Settlement Administrator should distribute all residual funds to Cybercrime Support Network.

## Exclusions from the Settlement Class

17. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Class Notice in written form, by first class mail, postage prepaid, and postmarked, no later than 60 days after the Notice Date.

18. In order to exercise the right to be excluded, a person within the Settlement Class must timely submit via first class mail a written request for exclusion to the Settlement Administrator (a) stating his or her full name, address, and telephone number; (b) containing the Settlement Class Member's personal and original signature; and (c) stating unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class and from the Settlement. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

19. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

## Objections to the Settlement

20. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Awards to the Class Representatives, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in this Order, with the Clerk of the Court, and served upon Class Counsel, Geisinger's Counsel, and Nuance's Counsel no later than 60 days after the Notice Date. Addresses for Class Counsel, Geisinger's Counsel, and Nuance's Counsel are as follows:

| CLASS COUNSEL | GEISINGER'S COUNSEL | NUANCE'S COUNSEL |
|---|---|---|
| Ben Barnow<br>Barnow and Associates, P.C.<br>205 W. Randolph St., Ste. 1630<br>Chicago, IL 60606<br><br>Benjamin F. Johns | Max E. Kaplan<br>COZEN O'CONNOR<br>1650 Market Street<br>Suite 2800<br>Philadelphia, PA 19103 | Ezra D. Church<br>Su Jin Kim<br>MORGAN, LEWIS & BOCKIUS LLP<br>2222 Market Street<br>Philadelphia, PA 19103 |

| | | |
|---|---|---|
| SHUB JOHNS & HOLBROOK LLP<br>200 Barr Harbor Dr., Suite 400<br>Conshohocken, PA 19428 | | |

21. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objections, and must also: (i) include the case name and number; (ii) set forth the Settlement Class Member's full name, current address, and telephone number; (iii) contain the Settlement Class Member's original signature; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. The Objection must indicate whether the objector or his/her counsel have filed an objection to a class action settlement within the past three years, and if so, the case names and dockets of any such case. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of

attorneys' fees, costs, and expenses, to the payment of the Service Awards, and to the Final Approval Order and the right to appeal same.

22. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's fee, cost, and expense application and/or the request for a Service Awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel and must also identify the attorney(s) representing the objecting Settlement Class Member, the attorney who will appear at the Final Approval Hearing, if any, and include the attorney(s) name, address, phone number, e-mail address, state and federal bar(s) to which said counsel is admitted, as well as associated bar numbers. An objecting Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

23. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## **Final Approval Hearing**

24. All papers in support of the Final Approval of the Settlement shall be filed at least 14 days prior to the Final Approval Hearing.

25. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Class Claims against any of the Released Persons.

26. A Final Approval Hearing shall be held before the Court on _____, at _____ _.m., before Judge Matthew W. Brann, U.S. District Court for the Middle District of Pennsylvania, Herman T. Schneebeli Federal Building & U.S. Courthouse, 240 West Third Street, Williamsport, PA 17701 (or at

such other time and location as the Court may without further notice direct) for the following purposes:

    a. to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

    b. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to determine whether the judgment as provided under the Settlement Agreement should be entered;

    d. to consider the application for an award of attorneys' fees, costs, and expenses to Class Counsel;

    e. to consider the application for Service Awards to the Class Representatives;

    f. to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

    g. to rule upon such other matters as the Court may deem appropriate.

27. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving

the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

28.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## Temporary Stay

29.     All discovery, pending motions, and other proceedings in the Litigation as between Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

## Termination of the Settlement

30.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, the Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## Upcoming Deadlines

31.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| EVENT | DATE |
|---|---|
| Defendants to provide the Class Member Information to Settlement Administrator | 7 Days after entry of Preliminary Approval Order |
| Notice Date | 30 Days after entry of the Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and the Service Awards for Class Representatives | 14 Days prior to Opt-Out and Objection Deadline |
| Opt-Out and Objection Deadlines | 60 Days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 Days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 Days prior to Final Approval Hearing |
| Final Approval Hearing | At least 110 Days after the entry of this Order |

**IT IS SO ORDERED.**

ENTERED: _____     _____
Hon. Matthew W. Brann
Chief District Court Judge